[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12519-J
_____

IN RE: KEITH DEVON ADAMS,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)
_____

Before:  TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

B Y  T H E  P A N E L:

Keith Devon Adams seeks authorization to file a second or successive 28 U.S.C. § 2255 motion.  He can file such a motion only if it is "certified . . . by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a prima facie showing that the statutory criteria have been met is simply a threshold determination).

## I.

Mr. Adams was sentenced under the Armed Career Criminal Act ("ACCA"), which requires a higher prison sentence if a defendant convicted of being a felon in possession of a firearm has three or more previous convictions for a "violent felony."  18 U.S.C. § 924(e)(1).  The ACCA provides three definitions of "violent felony."  First, § 924(e)(2)(B)(i) covers any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  This is known as the "elements clause."  Second, § 924(e)(2)(B)(ii) covers any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury

2

to another." The first 9 words of that subsection are called the "enumerated crimes clause," and the last 13 are called the "residual clause."

Without noting under which clause each prior conviction fell, Mr. Adams's presentence investigation report ("PSI") stated that the ACCA enhancement applied based on: (1) a 2001 Florida conviction for "robbery/carjacking"; (2) a 2005 Florida conviction for burglary of an unoccupied dwelling; and (3) a 2008 Florida conviction for possession of cocaine with intent to sell or deliver. Mr. Adams objected to the PSI's application of the ACCA enhancement. Among other challenges, Mr. Adams objected to the use of his prior burglary conviction as an ACCA predicate offense. He acknowledged the fact that burglary is enumerated in the ACCA's definition of violent felony, but he objected on the ground that a property crime must involve a serious potential risk of physical injury in order to be classified as a violent felony. After the government responded, asserting that the objection was due to be overruled under prevailing caselaw, the probation officer noted that the issue of whether Mr. Adams's burglary conviction qualified as a predicate offense was unresolved. At sentencing, the district court overruled Mr. Adams's objection and imposed the ACCA enhancement. The court did so without stating under which clause of the ACCA Mr. Adams's burglary conviction fell.

3

In the instant application, Mr. Adams contends that his ACCA-enhanced sentence is void in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. The Supreme Court has determined that *Johnson*'s holding is a new substantive rule of constitutional law that applies retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Specifically, Mr. Adams asserts that his Florida burglary conviction cannot serve as a predicate offense for the ACCA enhancement in light of *Johnson*. For the reasons that follow, we conclude that Mr. Adams has made the requisite prima facie showing because his prior Florida conviction for burglary of an unoccupied dwelling may not qualify as a valid predicate offense after *Johnson*.

II.

Under Florida's burglary statute, a person who unlawfully enters or remains in a dwelling, structure, or conveyance with intent to commit a crime commits burglary. Fla. Stat. § 810.02. The law defines "structure," in relevant part, as "a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof." *Id.* § 810.011(a)(1). It defines "dwelling" similarly. *See id.* § 810.011(a)(2). "Conveyance" does not contemplate a building at all: it includes motor vehicles, ships, vessels, railroad cars, and aircrafts. *Id.* § 810.011(a)(3).

It is unclear from the record which clause of the ACCA the district court employed when it concluded that Mr. Adams's prior burglary conviction qualified as a predicate offense. But Mr. Adams specifically lodged an objection, which the district court overruled, to the classification of the burglary conviction as a residual clause offense. Mr. Adams's acknowledgement that burglary was an enumerated ACCA offense does not appear to have been intended as a concession that his Florida burglary conviction qualified as such; indeed, the probation office specifically stated that the issue of whether it qualified was unresolved. The record we have available to us is limited at this stage, but there is at least some suggestion that the district court considered Mr. Adams's burglary conviction a residual clause offense.

Moreover, at the time Mr. Adams was sentenced, a conviction under Florida's burglary statute was deemed an ACCA predicate under the residual clause, rather than the elements clause or the enumerated crimes clause. The statute contains no element of "attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). And, prior to *Johnson*, the Supreme Court had suggested that a burglary as defined by Florida law is not a violent felony under the ACCA's enumerated crimes clause. *See James v. United States*, 550 U.S. 192, 212 (2007). For a burglary statute to qualify under that clause, "the least of the acts criminalized" under the statute must be

5

"encompassed by the generic federal offense" of burglary. *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013). Generic burglary as delineated in the enumerated crimes clause is defined as an offense "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). In *James*, the Supreme Court "agree[d] that the inclusion of curtilage takes Florida's underlying offense of burglary outside the definition of generic burglary set forth in *Taylor*, which requires an unlawful entry into, or remaining in, a building or other structure." 550 U.S. at 212.

The Supreme Court also concluded in *James* that a Florida burglary conviction was a violent felony under the ACCA's residual clause. *Id.*; *accord United States v. Matthews*, 466 F.3d 1271, 1275 (11th Cir. 2006) (holding that a Florida conviction for burglary of the curtilage constituted a violent felony under the ACCA's residual clause). In *Matthews*, we, like the Supreme Court in *James*, determined that the Florida burglary statute was broader than generic burglary because an individual could violate it without ever entering a structure, an element the generic crime required. *See id.* at 1275. Further, the statute does not appear to be divisible such that it still could be violated in a way that comports with the generic definition of burglary. Rather than setting out the critical place-of-entry element in the alternative—*i.e.*, "a building *or* its curtilage"—the place-of-entry

6

element encompasses a "building of any kind, either temporary or permanent, which has a roof over it, *together with* the curtilage thereof."    Fla. Stat. § 810.011(a)(1).

This line of cases was the only binding legal basis for applying the ACCA to Mr. Adams based on his burglary conviction.    In the absence of any record evidence to the contrary, the status of the law at the time Mr. Adams was sentenced—in addition to the nature of his objection at sentencing—suggests that his sentence may have been enhanced under the residual clause.    Under *Johnson*, Mr. Adams's residual clause enhanced sentence is void.    And his burglary conviction likely cannot serve as a predicate offense under the enumerated crimes clause as an alternative.    *See Descamps v. United States*, 133 S. Ct. 2276 (2013).

We recognize that, in *In re Griffin*, No. 16-12012, __ F.3d __, 2016 WL 3002293 (11th Cir. May 25, 2016), this Court concluded that *Descamps* did not itself announce a new rule of constitutional law sufficient to satisfy § 2255(h)(2). And, in *In re Thomas*, Nos. 16-12065, 16-12649, __ F.3d __, 2016 WL 3000325 (11th Cir. May 25, 2016), this Court concluded that *Johnson* did not invalidate the use of a burglary conviction for ACCA purposes when the district court expressly relied on the enumerated offenses clause, not the residual clause, in imposing the enhancement, and the applicant asserted a standalone *Descamps* claim.

However, *Griffin* and *Thomas* do not preclude our consideration of *Descamps* here.  In this case, the sentencing court may have relied on the residual clause in imposing Mr. Adams's sentence based on his prior Florida burglary conviction.  Thus, his sentence may be invalid under *Johnson*.  In *Griffin*, *Johnson* was inapplicable because the petitioner was sentenced under the Guidelines, and in *Thomas*, *Johnson* was inapplicable because the district court clearly did not rely on the residual clause.  Accordingly, the petitioners were forced to rely on *Descamps* as a standalone claim.  In contrast, Mr. Adams's claim implicates *Johnson*, and the ambiguity surrounding the sentencing court's decision requires us to look to the text of the relevant statutes, including the ACCA, to determine which, if any, ACCA clauses Mr. Adams's prior convictions fall under.  In fulfilling this duty, we should look to guiding precedent, such as *Descamps*, to ensure we apply the correct meaning of the ACCA's words.  *See Rivers v. Roadway Express*, *Inc.*, 511 U.S. 298, 313 n.12 (1994) ("[W]hen this Court construes a statute, it is explaining its understanding of what the statute has meant continuously since the date when it became law.").  Although *Descamps* bears on this case, it is not an independent claim that is itself subject to the gatekeeping requirements.

Mr. Adams, therefore, has made a "sufficient showing of possible merit" to warrant fuller exploration by the district court of his *Johnson* claim.  *In re Holladay*, 331 F.3d 1169, 1173 (11th Cir. 2003) (internal quotation marks

omitted).  Our record, of course, is incomplete at this stage.  Moreover, "[w]e do not hear from the government," the applicant lacks a meaningful opportunity to brief the merits of his case, and we "do not have the time necessary to decide anything beyond the prima facie question" because § 2244(b)(3)(D) instructs us to render a decision on Mr. Adams's application within 30 days.  *Jordan*, 485 F.3d at 1358.  Rather, we are exercising a screening function in adjudicating Mr. Adams's application.  Our "limited determination" does not bind the district court, which is to decide the "issues fresh, or in the legal vernacular, *de novo*."   *In re Moss*, 703 F.3d 1301, 1302 (11th Cir. 2013).

**APPLICATION GRANTED.**

9