[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12626-J

_____

IN RE: JOSEPH ROGERS, JR.,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before:   TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

B Y   T H E   P A N E L:

Joseph Rogers, Jr. seeks authorization to file a second or successive 28 U.S.C.

§ 2255 motion.   He can file such a motion only if it is "certified . . . by a panel of

the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).    "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."    *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a prima facie showing that the statutory criteria have been met is simply a threshold determination).

## I.    BACKGROUND

Mr. Rogers was sentenced under the Armed Career Criminal Act ("ACCA"), which imposes an enhanced mandatory minimum prison sentence if a defendant convicted of being a felon in possession of a firearm has three or more previous convictions for a "violent felony."    18 U.S.C. § 924(e)(1).    The ACCA provides three definitions of "violent felony."    First, § 924(e)(2)(B)(i) covers any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."    This is known as the "elements clause."    Second, § 924(e)(2)(B)(ii) covers any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."    The first 9 words of that subsection are called the "enumerated crimes clause," and the last 13 are called the "residual clause."

2

In the instant application, Mr. Rogers asserts that his ACCA-enhanced sentence is void in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. The Supreme Court has determined that *Johnson*'s holding is a new substantive rule of constitutional law that applies retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

## II.    THE CLEAR-UNCLEAR TEST

In evaluating a *Johnson*-based application, we are bound by § 2255(h)(2) and our recent decisions in *In re Adams*,[1] *In re Hires*,[2] and *In re Thomas*[3] to grant or deny the application based on whether, under the record and our precedent, it is either clear or unclear that the applicant's § 2255 motion contains a *Johnson* claim. We may only deny the application if it is clear that the motion will not contain a *Johnson* claim. This is so when: (1) the sentencing court record demonstrates that the sentencing court specifically identified three prior convictions as qualifying as ACCA predicates under the elements or enumerated crimes clauses, or based on the "serious drug offense" provision of the ACCA; and/or (2) under binding precedent,

---

[1]  No. 16-12519 (11th Cir. June 15, 2015).

[2] No. 16-12744 (11th Cir. June 15, 2016).

[3]  Nos. 16-12065, 16-12649, __ F.3d __, 2016 WL 3000325 (11th Cir. May 25, 2016)

3

it is clear that the prior convictions the sentencing court identified categorically

qualify as ACCA predicates under the elements or enumerated crimes clauses or,

alternatively, the ACCA's "serious drug offense" provision.   When the record does

not make clear that the sentencing court relied solely on the ACCA's still-valid

provisions to classify each predicate offense and binding precedent does not

otherwise demonstrate that only valid ACCA clauses are implicated, we apply

*Descamps v. United States*.[4]   At that point, if it is unclear from binding precedent

that the state statute at issue is divisible under *Descamps*, then the applicant has

made out a prima facie case that his application contains a *Johnson* claim under

§ 2255(h).[5]

In *Adams*, we held that, where "the sentencing court may have relied on the

residual clause in imposing [an applicant's] sentence," the sentence "may be invalid

under *Johnson*."   Slip op. at 8.   We further held that, when an applicant's "claim

implicates *Johnson*," we must apply binding Supreme Court precedent such as

*Descamps*, even if this precedent does not on its own establish "an independent

---

4  133 S. Ct. 2276 (2013).   In *Descamps*, the Supreme Court held that a conviction under a nongeneric, indivisible criminal statute categorically cannot qualify as an ACCA predicate offense.   *Id.* at 2285-86.   We would not need to apply *Descamps* if the sentencing court relied upon three qualifying serious drug offenses to impose the ACCA enhancement.

5 Of course, if binding post-*Descamps* precedent clearly holds that the state statutes underlying the relevant prior convictions are divisible and that the facts of those convictions as found by the district court meet the terms of the elements or enumerated clauses, then the applicant would not have a viable *Johnson* claim.

claim that is itself subject to the gatekeeping requirements [of 28 U.S.C. § 2255(h)]."[6] *Id.* *Johnson* is "implicated" when the record does not refute the applicant's assertion that the sentencing court relied on the residual clause, and when there is no binding precedent categorically classifying the offense or offenses in question as either falling under the elements clause or enumerated crimes clause. Under those circumstances, courts must apply *Descamps* and other binding Supreme Court precedent in determining whether a prior conviction would still support an enhanced ACCA sentence.[7] Given the unsettled state of the *Descamps* divisibility analysis as it applies to many statutes that these *Johnson*-based applications involve, *Johnson* is "implicated" as a new rule of constitutional law, and the application should be granted, in situations where neither the record nor current binding precedent makes undeniably clear that, absent the residual clause, an enhanced sentence validly was entered.

---

[6] Although *Hires* suggested that "*Descamps* cannot serve as a basis, independent *or otherwise*, for authorizing a successive § 2255 motion," we do not read this statement as applying even when the application "contain[s]" a *Johnson* claim as described above. *Hires*, No. 16-12744, slip op. at 10 (emphasis added). We acknowledge that *Hires*'s statement is in tension with our holding in *Adams*, but because *Adams* was decided before *Hires*, its holding established prior panel precedent that *Hires* could not overrule. *See Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003).

[7] We cannot simply look directly to an applicant's PSI to determine whether, under the facts contained therein, the elements or enumerated crimes clause is applicable. We must instead follow *Descamps* and other precedent that guide our analysis of the reach of those clauses. "[T]he sentencing court," of course, may rely on the PSI's undisputed facts. *See Hires*, No. 16-12744, slip op. at 9. Aside from this exception, however, the Sixth Amendment requires that any fact that increases a defendant's sentence be proven beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 488-90 (2000).

*Adams* does not control, however, where binding precedent clearly classifies an offense that the applicant's sentencing court found to be an ACCA predicate as either an elements or enumerated crimes clause offense (or a serious drug offense). In these cases, the challenges an applicant is asserting do not "contain" the rule announced in *Johnson*, so he does not make out a prima facie case. 28 U.S.C. § 2255(h); *See Hires*, slip op. at 7-9.[8]   And when the sentencing court affirmatively made a finding that an applicant's ACCA predicate offenses qualified under either enumerated crimes clause or elements clause, *Johnson* does not invalidate the applicant's sentence. *Thomas*, 2016 WL 3000325, at *3.

Read together, *Adams*, *Hires*, and *Thomas* establish a "clear or unclear" test that turns on the sentencing court's findings and on-point binding precedent regarding whether a particular crime categorically qualifies under a still-valid ACCA clause offense (precedent that includes *Descamps*). When neither the sentencing court's finding on which ACCA clause or clauses applied nor binding on-point precedent forecloses an applicant's assertion that his sentence arose under the ACCA's residual clause, we look to *Descamps* "to ensure we apply the correct

---

[8]  At the same time, we have an obligation to evaluate whether our binding precedent clearly has been abrogated by intervening caselaw.   Similarly, to the extent an applicant's own previous proceedings, either on direct appeal or in a first § 2255, resulted in a decision that has been abrogated by intervening law, we may not apply it.   *See In re Lambrix*, 776 F.3d 789, 793 (11th Cir. 2015) (explaining that law-of-the-case doctrine does not apply when "controlling authority has since made a contrary decision of law" (internal quotation marks omitted)).

6

meaning of the ACCA's words." *Adams*, slip op. at 8.   And at this point, unless post-*Descamps* binding precedent clearly resolves the residual clause ambiguity the applicant has demonstrated, his application "contain[s]" a *Johnson* claim such that his application is due to be granted.   *See* 28 U.S.C. § 2255(h).

When, conversely, it is clear based on the sentencing court's finding in sentencing the defendant that each predicate conviction qualified under the ACCA's elements or enumerated crimes clause, or as a serious drug offense, *or* binding on-point precedent dictated that the predicate offenses categorically qualified under one of these other clauses, then his application does not "contain" a *Johnson* claim. In these limited circumstances, his application is due to be denied.

This analysis is all our "gatekeeping" function contemplates.   *Adams*, slip op. at 8.   To decide complex issues of first impression, such as whether a particular state criminal conviction obtained on a certain date categorically qualifies under the elements clause or the enumerated crimes clause, or even whether the state statute under which that conviction was obtained is divisible, would be impracticable given our time limitation and lack of merits briefing in the successive § 2255 motion context.   *See* 28 U.S.C. § 2244(b)(3)(D); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) ("When we make that prima facie decision we do so based only on the petitioner's submission.   We do not hear from the government.

7

We usually do not have access to the whole record.   And we often do not have the time necessary to decide anything beyond the prima facie question because we must comply with the statutory deadline."); *see also id*. (concluding that "the statute does not allow us" to reach the decision on the merits at the application stage but rather "restricts us to deciding whether the petitioner has made out a prima facie case of compliance with the [28 U.S.C.] § 2244(b) requirements").   Nor would it be prudential, considering nothing we pronounce in orders on applications to file successive § 2255 motions binds the district court.   *See In re Moss*, 703 F.3d 1301, 1302 (11th Cir. 2013) (noting that our "limited determination" does not bind the district court, which is to decide the "issues fresh, or in the legal vernacular, *de novo*.").

With this clarification, we proceed to address Mr. Rogers's application.

## III.    MR. ROGERS'S CLAIM

Although our limited access to the record prevents us from knowing precisely what Mr. Rogers's presentence investigation report ("PSI") and sentencing transcript would reveal about his ACCA enhancement, we know from his first § 2255 motion that the enhancement was based on:    (1) a conviction for aggravated battery, pursuant to Fla. Stat. § 784.045; (2) a conviction for aggravated assault, pursuant to Fla. Stat. § 784.021; and (3) a conviction for conspiracy to

8

distribute methamphetamine, pursuant to Fla. Stat. § 893.13(1)(a).  Mr. Rogers contends that his prior convictions under Florida law for aggravated battery and aggravated assault cannot serve as predicate offenses for the ACCA enhancement in light of *Johnson*.[9]

We previously have held that a conviction under Florida's aggravated assault statute categorically qualifies as a violent felony under the ACCA's still-valid elements clause.  *See Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1338 (11th Cir. 2013), *abrogated on other grounds by Johnson*, 135 S. Ct. 2551; *see also Hires*, No. 16-12744, slip op. at 7 (relying on *Turner* to conclude that Mr. Hires's aggravated battery conviction qualified as an elements clause predicate offense).  Likewise, we have held that a conviction under Florida's aggravated battery statute categorically qualifies under the elements clause.  *Turner*, 709 F.3d at 1341.

Thus, because binding precedent clearly classifies as elements clause offenses the convictions Mr. Rogers's sentencing court relied upon as ACCA predicates, his application does not make out a prima facie case under *Johnson*.  His application for leave to file a second or successive motion hereby is **DENIED**.

---

[9] Mr. Rogers does not challenge the use of his prior drug conviction as an ACCA predicate offense.

9