IN RE: Leslie **PARKER**, Petitioner.

### No. 16–13814–J

United States Court of Appeals, Eleventh Circuit.

Filed 07/07/2016

Conrad Benjamin Kahn, Rosemary Cakmis, Donna Lee Elm, Federal Public Defender's Office, Orlando, FL, for Petitioner.

Arthur Lee Bentley, III, U.S. Attorney's Office, Tampa, FL, for Successive Habeas Respondent United States of America.

Before WILSON, ROSENBAUM and JILL PRYOR, Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Leslie Parker has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357–58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a prima facie showing that the statutory criteria have been met is simply a threshold determination).

In his application, Parker indicates that he wishes to raise one claim in a second or successive § 2255 motion. He asserts that his claim is based on the rule announced in *Johnson v. United States*, 576 U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), and made retroactive by *Welch v. United States*, 578 U.S. ——, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). In *Johnson*, the Supreme Court held that the residual clause of the "violent felony" definition in the Armed Career Criminal Act (ACCA) is unconstitutionally vague and that imposing an increased sentence under that provision therefore violates due process.[1] According to Parker, his ACCA sentence is invalid under *Johnson* because the sentence arose under the residual clause.

Applying our decision in *In re Rogers*, No. 16–12626, 825 F.3d 1335, 2016 WL 3362057 (11th Cir. June 17, 2016) (per curiam), Parker has made a prima facie showing based on *Johnson*. Under *Rogers*, "[w]hen the record does not make clear that the sentencing court relied solely on the ACCA's still-valid provisions to classify each predicate offense and binding precedent does not otherwise demonstrate that only valid ACCA clauses are implicated, we apply *Descamps* [*v. United States*]."[2] 827 F.3d at 1338–39. "At that point, if it is unclear from binding precedent that the state statute at issue is divisible under *Descamps*, then the applicant has made out a prima facie case that his application contains a *Johnson* claim under § 2255(h)." *Id.*

Here, Parker was sentenced under the ACCA based on two 1982 Florida convictions for aggravated assault and a 1983 Florida conviction for burglary of a dwelling. Those convictions were included in Parker's indictment, and the presentence investigation report (PSI) relied on the indictment in determining that the ACCA enhancement applied. The sentencing court adopted the PSI without specifically discussing the convictions, thereby applying the ACCA enhancement based on the assault and burglary convictions. While Parker has additional prior convictions, our review at this stage is limited to whether the convictions that the sentencing court actually relied on implicate *Johnson*. See *id.* at 827 F.3d at 1338–39 (holding that we may only deny an application if the ACCA predicates "identified" by the sentencing court clearly were not affected by *Johnson*). In other words, if one of Parker's Florida convictions implicates *Johnson*, then he has made a prima facie showing regardless as to whether he has other convictions that potentially satisfy the ACCA's three-qualifying-offenses requirement.[3]

1. The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated clause" and, final-

ly, the now-invalid "residual clause." *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012). In order to qualify for an ACCA sentence, a defendant must have at least three prior convictions that are violent felonies under the elements or enumerated clauses or, alternatively, serious drug offenses. See 28 U.S.C. § 924(e).

2. *Descamps v. United States*, 570 U.S. ——, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013).

3. Indeed, the government can waive an argument that the imposition of the ACCA enhancement is justified on the basis of an ACCA-qualifying conviction that the district

Under *Rogers*, Parker has shown that his burglary conviction may be a residual-clause predicate. The sentencing court did not state that it counted the burglary conviction as an ACCA predicate based on the enumerated or elements clauses. Moreover, there is no binding precedent that makes clear that the conviction categorically qualifies as an ACCA predicate under one of those clauses. In *United States v. Weeks*, we determined that the defendant's Florida burglary conviction constituted an ACCA predicate based on the enumerated clause. 711 F.3d 1255, 1262–63 (11th Cir. 2013). However, there, we used the modified categorical approach and thus did not hold that Florida burglary categorically qualifies as an enumerated-clause predicate. *See id.* Absent any binding precedent holding that Parker's conviction categorically qualifies as an ACCA predicate under a still-valid clause, we must turn to *Descamps. See Rogers*, op. at 825 F.3d at 1338–39. And we do not have any binding precedent holding that the Florida burglary statute is divisible under *Descamps. See United States v. Lockett*, 810 F.3d 1262, n. 1 (11th Cir. 2016). Although *Weeks* applied the modified categorical approach—indicating that it found the Florida burglary statute divisible—*Weeks* predated *Descamps*. Since *Weeks* was decided before *Descamps*, it is not a "binding precedent" that holds that the Florida burglary statute _is divisible under *Descamps*." See

*Rogers*, op. at 825 F.3d at 1338–39. Accordingly, *Weeks* is inapposite here, and based on his burglary conviction, Parker "has made out a prima facie case that his application contains a *Johnson* claim under § 2255(h)." [4] *Id.*

Because Parker has made a prima facie showing that he has raised a claim that meets the statutory criteria set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive § 2255 motion is hereby **GRANTED**.[5]

4. Because Parker has made a prima facie case based on his burglary conviction, his remaining convictions are not relevant at this stage. *See Jordan*, 485 F.3d at 1357–58 (concluding that our role at the § 2255 application stage is limited to making a "prima facie decision"). We leave it to the district court to consider those convictions.

5. We note that Parker previously filed a similar application, and we rejected that application. However, that order was issued prior to *Rogers*.