JILL PRYOR, Circuit Judge,
dissenting:
I respectfully dissent from the decision to deny Jeffrey Smith’s application to file a second or successive 28 U.S.C. § 2255 motion.
Mr. Smith argues that Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), makes his 18 U.S.C. § 924(c) sentence unlawful. In Johnson, the Supreme Court struck a portion of the Armed Career Criminal Act (“ACCA”) as unconstitutionally vague. Generally speaking, the ACCA imposes an enhanced mandatory minimum term of imprisonment for individuals convicted of being a felon in possession of a firearm who had at least three prior violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The ACCA provides three definitions of “violent felony.” Section 924(e)(2)(B)(i), the “elements clause,” covers any offense that “has as an element the use, attempted use, or threatened use of physical force against the person of another.” Section 924(e)(2)(B)(ii) covers any offense that “is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.” The first 9 words of that subsection make up the “enumerated crimes clause,” and the last 13 make up the “residual clause.” Johnson struck the residual clause from the ACCA.
Mr. Smith was sentenced under 18 U.S.C. § 924(c), which requires a higher prison sentence whenever an individual uses a firearm during and in relation to a “crime of violence.” 18 U.S.C. § 924(c)(1)(A). The definition of “crime of violence” under § 924(c) is “very similar” to that in the ACCA. In re Pinder, No. 16- *1282 12084, 824 F.3d 977, 978, 2016 WL 3081954, *1 (11th Cir. June 1, 2016) (authorizing a second or successive § 2255 motion in a § 924(c) case based on Johnson). A “crime of violence” under § 924(c) is a felony offense that:
(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
18 U.S.C. § 924(c)(3)(B). The statute, then, contains an elements clause (subsection A) and a residual clause (subsection B).
Mr. Smith received a § 924(c) sentence enhancement based on a companion conviction for carjacking, in violation of 18 U.S.C. § 2119. A person commits the federal offense of carjacking when he, “with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation,” or if he attempts to do so. Id. In challenging his § 924(c) sentence based on Johnson, Mr. Smith’s application asserts that the statute qualifies as a crime of violence in whole or part under the residual clause. Put differently, he is arguing that, in light of Johnson, his carjacking offense no longer categorically qualifies as a crime of violence.
We may only deny Mr. Smith’s application if, as relevant here, it is clear under “on-point binding precedent [that] a particular crime categorically qualifies” as a crime of violence notwithstanding Johnson. In re Rogers, No. 16-12626, 825 F.3d 1335, 1339, 2016 WL 3362057, *2 (11th Cir. June 17, 2016).[1] The majority, without citation to case law, concludes that carjacking “clearly meets the requirements for an underlying felony offense, as set out in § 924(c)(3)(A)’s use-of-force [elements] clause.” Maj. Ord. at 5.1 disagree.
Although the carjacking statute may categorically have “as an element the use, attempted use, or threatened use of physical force” such that it necessarily qualifies as a crime of violence even after Johnson, we have not so held. 18 U.S.C. § 924(c)(3)(A). In fact, it appears that we previously have relied at least in part on the residual clause in concluding that carjacking qualifies as a crime of violence. In United States v. Moore, a panel of this Court explained:
The term “crime of violence” as Congress defined it in 18 U.S.C. § 924(c)(3) clearly includes carjacking. “Takfing] or attempting] to take by force and violence or by intimidation,” 18 U.S.C. § 2119, encompasses “the use, attempted use, or threatened use of physical force....” 18 U.S.C. § 924(c)(3)(A). Moreover, the defendant need not have engaged in actual violence in order for the predicate offense to be a crime of violence under section 924(c)(1). The offense is a crime of violence if it “by its nature, involves a substantial risk that physical force ... may be used in the course of committing the offense.” 18 U.S.C. § 924(c)(3)(B); see also [United States v.] Singleton, 16 F.3d [1419,] 1423 [ (5th Cir. 1994)] (noting that carjacking is always and without exception a crime *1283 of violence as that term is defined in 18 U.S.C. § 924(c)(3)).
43 F.3d 568, 572-73 (11th Cir. 1994). I think it is telling that the panel in Moore relied on the residual clause. Had the panel agreed with the majority’s assertion here that carjacking “clearly meets” the requirements of the elements clause, I see no reason why it would have felt it necessary to discuss the residual clause at all.
I acknowledge that it is perhaps possible to read Moore as holding that carjacking qualifies as a crime of violence solely under the elements clause. But I also think it fair to intuit that both the elements clause and the residual clause were necessary to the panel’s conclusion that carjacking categorically qualified as a crime of violence. The panel in Moore stated, for example, that the carjacking statute “encompasses” the elements clause. In doing so, it intimated that a part of the carjacking statute was broader than the elements clause. See Encompass, Merriam—Webster Dictionary, http://www.merriam-webster.com/ dictionary/encompass (defining “encompass” as “to include (something) as a part”). We can therefore infer that the panel referenced the residual clause because it was necessary to make up for what the elements clause did not cover.[2]
Even putting aside the express reasoning in Moore, I think that Mr. Smith has a colorable argument that the offense of carjacking covers more conduct than the elements clause and that in the absence of the residual clause carjacking may not qualify as a crime of violence under § 924(c).
Notably, the carjacking statute under which Mr. Tucker was convicted can be violated “by force and violence or by intimidation.” 18 U.S.C. § 2119 (emphasis added). Although on its face, the term “intimidation” seems coterminous with “threatened use of physical force” as it appears in the elements clause, our precedent indicates that may not necessarily be the case. This Court previously has held that whether a defendant engaged in “intimidation” is analyzed from the perspective of a reasonable observer rather than the actions or threatened actions of the defendant. See United States v. Kelley, 412 F.3d 1240, 1244-45 (11th Cir. 2005). It is thus possible for a defendant to engage in intimidation without ever issuing a verbal threat by, for example, slamming a hand on a counter, as occurred in Kelley. Id. at 1245. This, to me, raises a question regarding whether it is possible to commit the offense of carjacking without ever using, attempting to use, or threatening to use physical force as described in the elements clause.
I note that in addition to covering acts of intimidation, the federal carjacking statute also contains an intent element. A person commits the federal offense of carjacking only if he acts “with the intent to cause death or serious bodily harm.” 18 U.S.C. § 2119. But even if this intent requirement somewhat limits the broad scope of conduct that otherwise qualifies as “intimidation,” it does not entirely eliminate my concern that the federal offense of carjacking covers more conduct than does the elements clause of § 924(c). The intent element and the “by force and violence or by intimidation” element concern separate inquiries; if not, the latter would be “rendered] superfluous” by the former. Holloway v. United States, 526 U.S. 1, 11, 119 S.Ct. 966, 143 L.Ed.2d 1 (1999). Thus, it is possible to prove that a defendant had the intent to commit death or serious bodily harm without proving that he used, attempted to use, or threatened to use physical force against the victim. As *1284 the Supreme Court explained in Holloway, a.defendant could still be found guilty of carjacking in a “case in which the driver surrendered or otherwise lost control over his car” without the defendant ever using, attempting to use, or threatening to use physical force so long as the government could separately satisfy the intent element. Id.[3] The government could do so by, for example, looking outside the defendant’s charged conduct and at his prior bad acts. United States v. Perez, 443 F.3d 772, 779 (11th Cir. 2006) (noting that it is permissible to admit “prior-bad-acts evidence to show motive, preparation, knowledge, and intent, as well 'as an ongoing scheme or plan”); Fed. R. Evid. 404(b).
Given this possibility, I think it far from a foregone conclusion that the scope of the federal offense of carjacking is coextensive with that of the elements clause. And if it isn’t, we would have to rely on the residual clause to conclude that carjacking categorically qualifies as a crime of violence. Moreover, if the rule announced in Johnson applies to § 924(c)’s residual clause — and it may — then we cannot rely in part on the residual clause as we did in Moore to hold that carjacking categorically qualifies as a crime of violence. Therefore, because Moore may not now apply and for the reasons I have discussed, it is not clear from our binding precedent that Mr. Tucker’s § 924(c) sentence is unaffected by Johnson’s rule.
Nor should we decide here, in the first instance, whether carjacking categorically qualifies as a crime of violence under the elements clause notwithstanding the fact that it can be committed “by force and violence or by intimidation” 18 U.S.C. § 2119 (emphasis added). “To decide complex issues of first impression, such as whether a particular ... conviction ... categorically qualifies under the elements clause ..., or even whether the ... statute under which that conviction was obtained is divisible, would be impracticable given our time limitation and lack of merits briefing in the successive § 2255 motion context.” Rogers, 825 F.3d at 1340, 2016 WL 3362057, at *3; see Jordan v. Sec’y, Dep't of Corr., 485 F.3d 1351, 1357-58 (11th Cir. 2007) (“When we make that prima facie decision we do so based only on the petitioner’s submission. We do not hear from the government. We usually do not have access to the whole record. And we often do not have the time necessary to decide anything beyond the prima facie question because we must comply with the statutory deadline.”).[4] Indeed, in Jordan we concluded that “the statute does not allow us” to reach the decision on the merits at the application stage but rather “restricts us to deciding whether the petitioner has made out a prima facie case of compliance with the [28 U.S.C.] § 2244(b) requirements.” Id.
*1285 “Nor would [deciding such a complex issue] be prudential, considering nothing we pronounce in orders on applications to file successive § 2255 motions binds the district court.” Rogers, 825 F.3d at 1340, 2016 WL 3362057, at *3; see In re Moss, 703 F.3d 1301, 1302 (11th Cir. 2013) (noting that our “limited determination” does not bind the district court, which is to decide the “issues fresh, or in the legal vernacular, de novo” (alteration adopted)).
Unlike the majority, I have serious doubts about whether Mr. Smith’s carjacking conviction can qualify him for a § 924(c) enhanced sentence after Johnson. We certainly have never held that the statute would qualify categorically even setting aside the residual clause in § 924(c). It would be impractical and imprudent to decide this complex question in the first instance here. For these reasons, I respectfully dissent.

. The majority, citing In re Gordon, No. 16-13681, 827 F.3d 1289, 2016 WL 3648472 (11th Cir. July 8, 2016), states that we have "held” that Rogers is inapposite in § 924(c) cases. Maj. Ord. at 10 n.4. But our suggestion in Gordon that Rogers's applicability may be limited outside the ACCA framework was not in any way essential to our holding in that case and, therefore, merely is dicta. See United States v. Valencia-Trujillo, 573 F.3d 1171, 1180 n. 6 (11th Cir. 2009).

. Moore also construed an earlier version of the federal carjacking statute, but the amendment did not affect the “by force and violence or by intimidation” portion of the statute.

. To be clear, I do not read Holloway as taking a stance on whether an act of intimidation is equivalent to a threat of violence. Rather, I cite it for what I consider to be the relatively unremarkable conclusion that a defendant can only be convicted of carjacking if his conduct separately satisfies both the intent element and the physical force / intimidation element. Thus, we cannot automatically infer that a defendant threatened violence merely from the fact that he possessed an intent to injure. Those are different inquiries and a defendant can satisfy one element without satisfying the other.

. If the question in this case merely was whether Mr. Smith used force when committing his carjacking offense, I would have no-trouble concluding that he did. But this is not the question at all. The question we must answer is whether the catjacking statute under which Mr. Smith was convicted categorically qualifies as a crime of violence so that his sentence may be enhanced under § 924(c). See Rogers, 825 F.3d at 1338-40, 2016 WL 3362057, at *2.