ORDER:
Antrone Davis has filed two pro se application for permission to file a 28 U.S.C. § 2255 motion based on Johnson v. United States, 576 U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Because Davis already filed one § 2255 motion, his new motion must be “certified as provided in section 2244 by a panel of the appropriate court of appeals to contain ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.” 28 U.S.C. § 2255(h)(2). “The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.” Id. § 2244(b)(3)(C).
When a prisoner seeks permission to file a second or successive § 2255 motion based on Johnson, “[w]e may only deny the application if it is clear that the motion will not contain a Johnson claim.” In re Rogers, 825 F.3d 1335, 1338, 2016 WL 3362057, at *1 (11th Cir. June 17, 2016) (per curiam). This can happen in two ways. First, the application may be denied if “the sentencing court record demonstrates that the sentencing court specifically identified three prior convictions as qualifying as ACCA predicates under the elements or enumerated crimes clauses, or based on the ‘serious drug offense’ provision.” Id. Second, the application may be denied if, “under binding precedent, it is clear that the prior convictions the sentencing court identified categorically quali *1299 fy as ACCA predicates under the elements or enumerated crimes clauses.” Id. But if “the record does not make clear that the sentencing court relied solely on ACCA’s still-valid provisions to classify each predicate offense and binding precedent does not otherwise demonstrate that only valid ACCA clauses are implicated,” then the applicant must be granted permission to file his § 2255 motion. Id.
Davis has made the “prima facie showing” required by § 2244(b)(3)(C). Davis’s presentence investigation report did not specify which of Davis’s prior convictions would serve as predicates for his ACCA sentence. And at the sentence hearing, the judge observed that Davis was convicted of burglary after he was found inside a stolen car. Though “burglary” is listed under ACCA’s “enumerated crimes clause,” a state burglary crime meets that definition only if the state crime has “the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.” Taylor v. United States, 495 U.S. 575, 599, 602, 110 S.Ct. 2143, 2158, 2160, 109 L.Ed.2d 607 (1990) (emphasis added). Since Davis was convicted of burglarizing a car rather than “a building or structure,” his crime could not have required those elements. This means Davis’s ACCA sentence may be invalid due to Johnson.
We recognize that Davis is serving both a 327-month ACCA sentence and a separate but concurrent 327-month sentence for conspiracy to possess cocaine with intent to distribute. We have held that a Johnson application can be denied “if a defendant has concurrent sentences on multiple counts of conviction ... unless the defendant would suffer ‘adverse collateral consequences.’ ” In re Williams, 826 F.3d 1351, 1356, 2016 WL 3460899, at *4 (11th Cir. June 24, 2016) (quotation omitted). Williams applied the “concurrent sentence doctrine,” which “provides that, if a defendant is given concurrent sentences on several counts and the conviction on one count is found to be valid, an appellate court need not consider the validity of the convictions on the other counts.” United States v. Fuentes-Jimenez, 750 F.2d 1495, 1497 (11th Cir.1985) (per curiam). The Supreme Court has suggested that this doctrine’s only “continuing validity” is as a “rule of judicial convenience.” Benton v. Maryland, 395 U.S. 784, 791, 89 S.Ct. 2056, 2061, 23 L.Ed.2d 707 (1969). Benton also observed that no precedent gave a “satisfactory explanation for the concurrent sentence doctrine.” Id. at 789, 89 S.Ct. at 2060. And it warned that “whatever the underlying justifications for the doctrine, it seems clear to us that it cannot be taken to state a jurisdictional rule.” Id. at 789-90, 89 S.Ct. at 2060.
Williams does not apply here. The applicant in Williams “received a concurrent mandatory life sentence on Count 1 that was unrelated to his ACCA status.” Williams, 826 F.3d at 1356, 2016 WL 3460899, at *4. Unlike in Williams, Davis’s 327-month sentence on his conspiracy conviction was neither “mandatory” nor “unrelated to his ACCA sentence.” In Williams, the sentencing judge was required to impose a sentence of life in prison, regardless of ACCA. The minimum sentence for Davis’s conspiracy conviction was 5 years. Unlike the mandatory minimum life sentence in Williams, this was far short of the 15-year minimum for Davis’s ACCA violation. Aso, this is not a case where the applicant’s non-ACCA sentence “was unrelated to his ACCA status.” Id. To the contrary, the judge sentenced Davis based on a single Sentencing Guidelines range for Davis’s ACCA violation combined with his conspiracy crime. The judge’s sentencing decision was therefore no doubt informed by Davis’s ACCA designation, which means Davis may have suffered “adverse collateral consequences” if *1300 his ACCA sentence turns out to be unlawful. Id.
We therefore hold that Davis’s application “contain[s] ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.” 28 U.S.C. § 2255(h). As usual, “[t]his is a limited determination on our part, and, as we have explained before, the district court is to decide the § 2255(h) issues ‘fresh, or in the legal vernacular, de novo.’ ” In re Moss, 703 F.3d 1301, 1303 (11th Cir. 2013) (quoting Jordan v. Sec’y, Dep’t of Corr., 485 F.3d 1351, 1358 (11th Cir. 2007)). That court owes no “deference to a court of appeals’ prima facie finding that the requirements have been met.” Jordan, 485 F.3d at 1357. Also, whatever
determination that the district court makes about whether [Davis] has satisfied the requirements for filing a second or successive motion, and any determination it makes on the merits, if it reaches the merits, is subject to review on appeal from a final judgment or order if an appeal is filed. Should an appeal be filed from the district court[’]s determination, nothing in this order shall bind the merits panel in that appeal.
Moss, 703 F.3d at 1303.
APPLICATION GRANTED.