[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12969

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JERMAINE LEE WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cr-00040-RH-MAF-1

_____

Before Rosenbaum, Luck, and Anderson, Circuit Judges.

Per Curiam:

Jermaine Lee Walker appeals his 262-month prison sentence for possessing a firearm and ammunition as a convicted felon. He argues the district court erred in concluding that three of his four prior felony convictions—two for aggravated battery with a deadly weapon and one each for arson and aggravated assault on a law enforcement officer—were qualifying violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e). For two reasons, we affirm.

## I.

First, "a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Ross*, 131 F.3d 970, 988 (11th Cir. 1997) (citation and quotations omitted). This includes a party's challenge to the district court's ruling that his prior convictions are qualifying offenses under the Armed Career Criminal Act. *See, e.g.*, *United States v. Innocent*, 977 F.3d 1077, 1084–85 (11th Cir. 2020).

For example, in *Innocent*, the defendant argued his 2000 Florida conviction for aggravated assault with a firearm was not a violent felony. *Id.* We concluded the argument was "waived" because, at his sentencing hearing, the defendant conceded that aggravated assault with a firearm was a crime of violence and he did qualify for a sentence under the Act. *Id.* at 1085. "The doctrine of

invited error," we held, "prevent[ed] us from considering the arguments [the defendant] expressly disclaimed before the district court." *Id. See also United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (declining under invited error rule to review whether defendant's term of supervised release was unlawful because defense counsel asked the district court to impose a term of supervised release); *United States v. Jernigan*, 341 F.3d 1273, 1290 (11th Cir. 2003) (applying invited error doctrine where defense counsel "affirmatively stipulated" to the admission of evidence); *United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir. 2005) (applying invited error doctrine where counsel stated that proposed jury instructions were "acceptable" and "covered all the bases").

Here, Walker invited any error the district court may have made in ruling he had three qualifying violent felony convictions under the Act. In his objections to the presentence investigation report, Walker admitted that, even without the aggravated assault conviction, "there remain[ed] three qualifying offenses." And at the sentencing hearing, Walker again admitted that his arson conviction was a qualifying felony. When the district court asked whether "three" of Walker's "offenses [were] qualifying predicates, the two aggravated batteries and the arson," Walker answered, "[y]es, sir, that's correct." He agreed he did "have the three" qualifying felonies. As in *Innocent*, the invited error doctrine "prevents us from considering" Walker's "arguments"—that his prior convictions are not qualifying convictions—that he "expressly disclaimed before the district court." *See Innocent*, 977 F.3d at 1085.

## II.

Second, under our binding precedent, Walker had three qualifying violent felony convictions. His aggravated assault conviction was a violent felony under the Act. *See Somers v. United States*, 66 F.4th 890, 896 (11th Cir. 2023) ("[W]e hold that aggravated assault under Florida law categorically qualifies as a 'violent felony' under the ACCA's elements clause."). So that's the first qualifying conviction. And his aggravated battery with a deadly weapon convictions were violent felonies. *See Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1341–42 (11th Cir. 2013) (holding that aggravated battery, when committed with a deadly weapon, is a violent felony under the elements clause of the Act), *abrogated on other grounds by Johnson v. United States*, 576 U.S. 591 (2015); *In re Rogers*, 825 F.3d 1335, 1341 (11th Cir. 2016) ("[W]e have held that a conviction under Florida's aggravated battery statute categorically qualifies under the elements clause."). So those are the second and third qualifying convictions. Because Walker had three prior violent felony convictions, the district court did not err in sentencing him under the Act.

**AFFIRMED.**