[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 11, 2008
THOMAS K. KAHN
CLERK

No. 06-14794

D. C. Docket No. 01-08084-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellant,
Cross-Appellee,

versus

ELROY ANTONIO PHILLIPS,
a.k.a. 6,
a.k.a. 86,

Defendant-Appellee
Cross-Appellant.

Appeals from the United States District Court
for the Southern District of Florida

**(January 11, 2008)**

Before DUBINA and KRAVITCH, Circuit Judges, and GOLDBERG,* Judge.

_____

*Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

PER CURIAM:

This is the second time we have considered an appeal of this case. In the first appeal, we affirmed Phillips's convictions but vacated his sentences and remanded the case for resentencing ("*Phillips I*"). On remand, the district court sentenced Phillips to 288 months in the federal penitentiary. The government appealed Phillips's sentence and Phillips cross-appealed his sentence on three grounds.[1] First, Phillips argues that the district court erred when it applied an armed-career criminal enhancement, see U.S.S.G. § 4B1.4(a) (2002), based on its erroneous determination that Phillips was a career offender, see § 4B1.1(a). Second, Phillips argues that the district court erred when it denied his motion for new trial. Third, Phillips contends that the district court erroneously determined that §§ 922(g) and 924(e) of Title 18 of the United States Code are constitutional as applied to him.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that all of Phillips's arguments in support of his cross-appeal are meritless. Based on our decision in *Phillips I*, Phillips's arguments that the district court erred when it denied his motion for new trial and

---

[1] **Subsequently, the government filed a motion to dismiss its appeal, which we granted. Accordingly, the cross-appeal is all that remains for disposition.**

2

determined that §§ 922(g) and 924(e), as applied to him, do not violate the Constitution are barred by the law of the case doctrine. *See United States v. Jordan*, 429 F.3d 1032 (11th Cir. 2005). Phillips's argument that the district court erred when it determined that he qualified as a career offender, see U.S.S.G. § 4B1.1(a), which Phillips raises for the first time in this appeal, is also barred by the law of the case doctrine. *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997). Accordingly, we affirm the district court's determination that Phillips qualifies as an armed-career offender under U.S.S.G. § 4B1.1(a), and we affirm his sentence.

**AFFIRMED.**