[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11960
_____

D. C. Docket Nos. 9:08-cv-81283-JAL,
9:01-cr-08080-DMM-1

ELROY A. PHILLIPS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 23, 2017)

Before MARCUS, DUBINA, and WALKER,∗ Circuit Judges.

---

∗ Hon. John Walker, Jr., United States Circuit Judge for the Second Circuit, sitting by designation.

DUBINA, Circuit Judge:

This is an appeal from the district court's order denying Elroy Phillips's ("Phillips") motion to vacate his sentence pursuant to 28 U.S.C. § 2255. We granted Phillips a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253. After conducting oral argument, reading the parties' briefs, and reviewing the record, we affirm in part, vacate in part, and remand for resentencing.

## I.  BACKGROUND

A grand jury charged Phillips with numerous drug related offenses occurring from December 1999 to June 2001, and charged him with being a felon in possession of ammunition from October 2000 to November 1, 2000, and on June 8, 2001. Phillips proceeded to trial, and the jury found him guilty on one count of conspiracy to distribute less than five grams of crack cocaine, in violation of 21 U.S.C. § 846 (Count 1); one count of crack cocaine distribution, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) (Count 9); one count of cocaine possession, in violation of 21 U.S.C. § 844(a) (Count 11); and two counts of possession of ammunition after a prior felony conviction, in violation of 18 U.S.C. § 922(g)(1) and § 924(e) (Counts 14 & 17). The jury acquitted Phillips on the remaining counts of the 21-count second superseding indictment. The district court imposed sentences of 360 months' imprisonment on Counts 1, 9, 14, and 17, each running concurrently with a 24 month sentence on Count 11.

2

On appeal, we affirmed Phillips's convictions, but vacated his sentences. *United States v. Phillips*, 177 F. App'x 942 (11th Cir. 2006). The district court re-sentenced Phillips to 288 months' imprisonment on Counts 1 and 9, 24 months' imprisonment on Count 11, and 180 months' imprisonment on Count 14, all to run concurrent. The district court merged Count 17 with the sentence for Count 14. On appeal a second time, we affirmed the sentences. *United States v. Phillips*, 262 F. App'x 183 (11th Cir. 2008).

In November 2008, Phillips filed a § 2255 motion to vacate and amended it numerous times. The district court determined that Phillips raised 19 claims for relief, and referred the matter for an evidentiary hearing. While preparing for the evidentiary hearing, the government re-interviewed Agent Michael Ghent ("Ghent"), an officer with the West Palm Beach Police Department ("WPBPD"), and a primary investigator in Phillips's underlying drug offenses. Ghent initially provided information to federal authorities about a drug purchase he and a confidential informant ("CI") made from Phillips on April 6, 2001. The authorities relayed that information to a magistrate judge reviewing the government's warrant applications for Phillips's arrest and the search of his home. After the magistrate judge issued the search warrant, officers found drug paraphernalia, a gun box, and ammunition in Phillips's home. Ghent also testified at trial that he conducted

3

surveillance on Phillips from January to April 2001, and he and a CI participated in a controlled buy of crack cocaine from Phillips on April 6, 2001.

During the preparation for the evidentiary hearing, the government discovered that not only had Ghent lied at trial, but, during the investigation and subsequent trial of Phillips, Ghent had been under investigation by his own police department for alleged criminal activities. The government investigated the allegations against Ghent, which included a charge that he engaged in a sexual relationship with his CI, used illegal substances, extorted a massage parlor, falsified information on government forms, and submitted a false sworn affidavit in a state criminal prosecution. After confirming that Ghent had provided false testimony at Phillips's trial and confirming that he may have committed criminal acts during the pertinent timeframe, the government agreed to join in Phillips's motion to vacate Counts 1, 9, 14, and 17. The parties jointly agreed that the conviction for Count 11 should remain.

The district court granted in part and denied in part the § 2255 motion to vacate. In its order, the district court agreed with the parties that Phillips's conviction on Count 9 should be vacated because Ghent provided the only testimony about the April 6, 2001, drug transaction that supported that charge. On Count 1, the district court found ample co-conspirator testimony, apart from

4

Ghent's perjured testimony, from which the jury could have concluded that Phillips was involved in a conspiracy to distribute five grams or less of crack cocaine.

As to Counts 14 and 17, the district court found that the basis for these counts of conviction was the discovery of ammunition during a search of Phillips's residence pursuant to a valid search warrant. Although the probable cause affidavit supporting the application for the search warrant contained Ghent's false statements about the April 6, 2001, drug transaction, the district court noted other evidence that supported the probable cause affidavit, such as co-conspirator statements, Phillips's behavior during a brief search of his home, and Phillips's possession of cocaine during another encounter with police. Because the search was supported by probable cause without Ghent's false statements, the district court determined that the evidence obtained from the search would have been admissible. Thus, it concluded that these convictions were supported by sufficient valid evidence and there was no reasonable probability that the jury would have acquitted Phillips on these counts. Moreover, the district court reasoned that Ghent's testimony was not relevant to Phillips's convictions on Counts 14 and 17

5

because Ghent was not present during the execution of the search warrant. The district court denied Phillips's remaining claims for relief and denied him a COA. [1]

## II. STANDARD OF REVIEW

We review de novo the district court's legal determinations on a 28 U.S.C. § 2255 motion to vacate and review for clear error the district court's factual findings. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).

## III. DISCUSSION

A.  Count 1

Contrary to the district court's finding, we agree with the parties that Phillips's conviction for conspiracy to distribute crack cocaine, Count 1, should be vacated. Ghent's false testimony was material to the government's case, and the government concedes that it cannot show that the perjured testimony did not have a substantial and injurious effect on the verdict. Thus, we vacate Phillips's conviction on Count 1 and remand to the district court for re-sentencing.

---

[1] We granted a COA as to whether *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), and its progeny applied during Phillips's suppression proceedings, and if so, whether Phillips's rights under *Brady* and *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972), were violated based on the government's failure to disclose the alleged misconduct and false statements of Michael Ghent, a police officer whose statements were included in the criminal complaint and applications for an arrest warrant and a search warrant in Phillips's criminal proceedings. However, based on the government's concession that Count 1 should be vacated, and our conclusion that the district court properly excised Ghent's false testimony in determining that sufficient independent probable cause existed to justify the search warrant with respect to Counts 14 and 17, we need not address these issues.

A defendant's right to due process is violated when "the prosecution's case includes perjured testimony and . . . the prosecution knew, or should have known, of the perjury." *United States v. Agurs*, 427 U.S. 97, 103, 96 S. Ct. 2392, 2397 (1976). This is a violation under *Giglio v. United States*, 405 U.S. 150, 153, 92 S. Ct. 763, 766 (1972), and to prevail on this claim, a defendant "must establish that the prosecutor knowingly used perjured testimony . . . and that the falsehood was material." *Tompkins v. Moore*, 193 F. 3d 1327, 1339 (11th Cir. 1999) (internal quotation marks and citation omitted). The false testimony is material "if there is any reasonable likelihood that [it] could have affected the judgment of the jury." *Agurs*, 427 U.S. at 103, 96 S. Ct. at 2397. "The 'could have' standard requires a new trial unless the prosecution persuades the court that the false testimony was 'harmless beyond a reasonable doubt.' " *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1333 (11th Cir. 2009) (quoting *Ford v. Hall*, 546 F.3d 1326, 1332 (11th Cir. 2008)). *Giglio*'s materiality standard is "more defense-friendly" than *Brady*'s. *Guzman v. Sec'y, Dep't of Corr.*, 663 F.3d 1336, 1348 (11th Cir. 2011) (citation omitted). The question of materiality is one of law which we review de novo. *See id.* at 1339.

When a petitioner raises a *Giglio* error on collateral review, habeas relief will be granted only "if the [c]onstitutional violation at the trial level resulted in

7

'actual prejudice' to the petitioner."  *Id.* at 1347 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722 (1993)).  "The alleged error must have had a 'substantial and injurious effect or influence in determining the jury's verdict.'"  *Id.* (quoting *Brecht*, 507 U.S. at 637, 113 S. Ct. at 1722).  Our circuit applies "the *Brecht* harmless error standard to the habeas review of federal court convictions."  *Ross v. United States*, 289 F.3d 677, 682 (11th Cir. 2002) (per curiam) (applying the *Brecht* standard to review of a 28 U.S.C. § 2255 motion). The harmlessness question is one of law that we review de novo.  *Mansfield v. Sec'y, Dep't of Corr.*, 679 F.3d 1301, 1307 (11th Cir. 2012).  The question is also one that turns on whether the Court can "say, with fair assurance," that the verdict "was not substantially swayed by the error":

> If, when all is said and done, the [court's] conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.

*O'Neal v. McAninch*, 513 U.S. 432, 437–38, 115 S.Ct. 992, 995 (1995) (quotation omitted) (brackets and ellipsis in original) (emphasis omitted).

8

The government previously conceded that Ghent offered false testimony at trial about the April 6, 2001, undercover drug buy and that Ghent was a member of the prosecution team, meaning that knowledge of the false statement can be imputed to the government. *See, e.g., Guzman*, at 1349 (noting that false testimony of a prosecution team member is imputed to the prosecutor). On appeal, the government reasserts that Ghent provided false trial testimony and maintains that it cannot meet its burden of demonstrating that Ghent's testimony was immaterial. It was the sole evidence the jury had to convict Phillips on this count. The government's case against Phillips was weak, and there is thus "grave doubt about whether [the *Giglio* error] had substantial and injurious effect or influence in determining the jury's verdict." *Ross*, 289 F.3d at 683 (quotation omitted). Thus, the government concedes that it cannot demonstrate that Ghent's testimony satisfies the *Brecht* harmlessness standard, and it acknowledges that there is a reasonable likelihood that the jury would have acquitted Phillips on this count had Ghent not testified.[2] Accordingly, we vacate Phillips's conviction on Count 1 and remand for re-sentencing.

---

[2] We commend the government for confessing error as to Count 1. As an officer of the court, the government attorney is required to correct or remedy any false testimony of which he knows. *See In re Global Energies, LLC*, 763 F.3d 1341, 1348–49 (11th Cir. 2014) (noting that the rules regulating attorney conduct required officer of the court to correct or remedy testimony

9

B.  Counts 14 and 17

Phillips challenges these counts for illegal possession of ammunition by arguing that Ghent's false statements in the affidavit to support the search warrant tainted the warrant.  The government responds that the district court properly excised the false information provided by Ghent from its review of the warrant application and found sufficient independent probable cause to justify the search warrant.  *See Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978).  Upon review, we conclude that the district court properly excluded Ghent's false testimony from its probable cause warrant consideration.

The warrant application contained an affidavit executed by DEA Agent John Enockson, cataloging evidence of Phillips's drug activities and firearm possession.  The affidavit included three paragraphs summarizing Ghent's undercover drug buy with Phillips on April 6, 2001.  Based on the parties' agreement that this information from Ghent was false, the district court properly excised this information.  The remaining affidavit information included testimony about a police visit to Phillips's residence, in an attempt to execute an arrest warrant on another individual, where officers heard toilet-flushing sounds, saw a water-

he knew was false) (citing FLA. BAR CODE PROF. RESP. D.R. 4-3.3(a)(4) (2010)).  *See also* MODEL RULES OF PROF'L CONDUCT R. 3.3(a)((3) (2016).

10

saturated bathroom floor, and observed white powder residue near a safe.  The

affidavit also contained information summarizing interviews of co-conspirators

who stated that they had helped Phillips manufacture and distribute drugs and that

they had observed Phillips with firearms.  In addition, it contained information that

police had recovered cocaine and $1,610 in cash from Phillips during his June 8,

2001, arrest for possession of powder cocaine, and that Phillips had prior drug and

firearm-related convictions.  Moreover, Ghent was not present at the search that

produced evidence of Phillips's ammunition possession.  Hence, we conclude that

there was sufficient evidence, apart from Ghent's false testimony, to provide

probable cause to justify the search warrant that led police to the discovery of

ammunition in Phillips's residence.  Accordingly, we hold that the district court

correctly denied Phillips's relief on this claim, and we affirm his convictions on

Counts 14 and 17, ammunition possession.

C.  Count 11

Phillips challenges his conviction on Count 11, which charged him with

possession of powder cocaine on June 8, 2001.  The government counters that

Phillips abandoned this challenge.  In the parties' joint memorandum, the

government noted that at trial the defense essentially conceded that Phillips was

guilty of this offense, and it proffered that this conviction was not subject to the

11

amended motion to vacate. (R. Joint Memorandum, D.E. 480 at 8 n.9, D.E. 281 at 23 n. 26). The district court agreed with the government and concluded that Phillips abandoned this challenge.

We conclude from the record that the district court correctly found that Count 11 was not subject to Phillips's amended motion to vacate. Phillips did not seek reconsideration of the district court's order finding that Count 11 was not asserted in his amended § 2255 motion. As such, Phillips deprived the district court of any opportunity to review any challenge to Count 11. Accordingly, we hold that Phillips abandoned any challenge to Count 11, and we affirm this conviction.

## V. CONCLUSION

We affirm the district court's judgment affirming Phillips's convictions on Counts 14 and 17, and its finding that Phillips abandoned any challenge to Count 11. However, we disagree with the district court's disposition as to Count 1, and we vacate that count and remand this case for re-sentencing.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.