[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12645
Non-Argument Calendar

_____

D.C. Docket Nos. 4:13-cv-00687-MW-GRJ; 4:10-cr-00046-MW-GRJ-1


FRANCO NICHOLAS PADGETT,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 24, 2019)


Before WILSON, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Franco Nicholas Padgett, a federal prisoner currently on supervised release following a 92-month sentence for conspiracy to steal controlled substances from a pharmacy (Count 1), and aiding and abetting possession with intent to distribute controlled substances (Count 2), in connection with a burglary of a pharmacy, appeals through counsel the district court's denial of his 28 U.S.C. § 2255 motion to vacate. We granted a certificate of appealability on the issue of whether the district court erred in applying the concurrent sentences doctrine to deny Padgett's claim that his appellate counsel was ineffective for failing to appeal the trial court's illegal sentence in excess of the statutory maximum on Count 2. After review,[1] we affirm the district court.

## I. BACKGROUND

In 2014, Padgett, proceeding *pro se*, filed an amended § 2255 motion to vacate his sentence and supporting memorandum. In his first claim, Padgett argued the trial court violated his right to a jury trial because the jury did not return

---

[1] In a § 2255 proceeding, we normally review a district court's legal conclusions *de novo* and its factual findings for clear error. *Phillips v. United States*, 849 F.3d 988, 992 (11th Cir. 2017). However, a party who fails to object to a magistrate judge's findings or recommendations waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions, as long as the party was informed of the time period for objecting and the consequences on appeal for failing to object. 11th Cir. R. 3–1; 28 U.S.C. § 636(b)(1). In the absence of a proper objection, we may review an appeal for plain error if necessary in the interests of justice. 11th Cir. R. 3–1. Padgett failed to object to the magistrate judge's application of the concurrent sentences doctrine in the magistrate judge's amended report and recommendation, even though the magistrate judge informed him of the time period for objecting and the consequences on appeal for failing to object. We will review Padgett's claim for plain error only.

2

a special verdict as to the drug quantity or type for Count 2.  Padgett argued that, without findings by the jury as to the quantity or type of controlled substances involved in the possession count, the court could not have sentenced him above the statutory maximum for the least serious drug alleged in the indictment—alprazolam (Xanax), a Schedule IV drug, which carries a 60-month statutory maximum.  He asserted his appellate counsel was ineffective for failing to raise this claim on direct appeal.

A magistrate judge issued a report and recommendation (R&R) recommending the district court deny Padgett's § 2255 motion.  The magistrate judge construed Padgett's claim as a Sixth Amendment claim that his right to a jury trial was violated because the jury was not given special instructions as to drug quantity or type, and concluded that no finding by the jury as to the drug quantity was necessary.  The magistrate judge acknowledged the district court could not have sentenced Padgett to a sentence exceeding the statutory maximum for Xanax.  However, the magistrate judge concluded the maximum sentence for that drug was 120 months, which was the enhanced statutory maximum when the defendant has a prior conviction for a felony drug offense because Padgett had a prior felony drug conviction in September 2002.  The magistrate judge concluded

3

that, in light of Padgett's prior felony drug offense, his 110-month sentence[2] for Count 2 was lawful.

Padgett objected, arguing for the first time the district court lacked jurisdiction to exceed the 60-month, statutory maximum sentence for Count 2 in 18 U.S.C. § 841(b)(2) because the Government never filed a notice of enhanced sentence under 21 U.S.C. § 851, based on his prior felony drug conviction. Relying on this Court's decision in *Harris v. United States*, 149 F.3d 1304 (11th Cir. 1998), he argued he was not required to show cause and prejudice for not raising the issue on direct appeal because jurisdictional claims cannot be waived by procedural default. The district court remanded the case to the magistrate judge for further consideration of Padgett's new claim regarding the lack of a § 851 notice.

In an amended R&R, the magistrate judge again recommended Padgett's claim be denied because he had failed to show prejudice resulting from his appellate counsel's failure to raise the sentencing issue on appeal. The magistrate judge concluded Padgett was correct that the jury had not made any findings as to the type or quantity of the controlled substances he possessed, and Padgett's sentence for Count 2 could not have exceeded the statutory maximum for the controlled substance with the lowest penalty. The magistrate judge further

---

[2] After filing the instant § 2255 motion, Padgett wrote a letter to the clerk of court requesting a sentence reduction under Amendment 782 to the Sentencing Guidelines. The district court reduced his sentence to 92 months' imprisonment on its own motion.

concluded, had the Government filed a notice of enhancement under § 851, Padgett would have qualified for an enhanced sentence based on his previous charges in 2002, to which he pled *nolo contendere*. Noting the controlling law at the time of appeal required strict compliance with § 851 as a jurisdictional requirement, the magistrate judge concluded appellate counsel had an available challenge on Count 2 as exceeding the court's jurisdiction, and had appellate counsel raised this issue on direct appeal, Padgett arguably would have been entitled to resentencing on Count 2.

Nonetheless, the magistrate judge concluded that Padgett was not entitled to relief because "the concurrent sentence doctrine remove[d] the certainty from this equation." Because Padgett was given concurrent sentences on each count and because he did not challenge his sentence on Count 1, a reduction in his sentence on Count 2 would have had no practical effect on the length of Padgett's total sentence, "absent any guidelines recalculation." Moreover, the magistrate judge noted that, although the failure to file a § 851 notice was previously considered jurisdictional, this Court had since recognized in *United States v. DiFalco*, 837 F.3d 1207, 1216-18 (11th Cir. 2016), that the rule had been undermined to the point of abrogation. Therefore, the magistrate judge concluded, the Government's failure to file a § 851 notice did not affect the district court's jurisdiction, and any

error in his sentence on Count 2 did not prejudice Padgett because of his concurrent sentence on Count 1.

Padgett did not file any objections to the amended R&R.  Noting there were no objections to the R&R, the district court adopted the recommendations in the amended R&R and denied Padgett's § 2255 motion.

## II.  BACKGROUND

Section 2255 allows a federal prisoner to collaterally attack his sentence on the grounds, among others, that the sentence "was imposed in violation of the Constitution or laws of the United States" or "was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).  A criminal defendant who fails to object at trial, or to raise an issue on direct appeal, is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice.  *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001).   However, due process requires that a defendant receive effective assistance of appellate counsel on his direct appeal.  *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  The Sixth Amendment does not require appellate advocates to raise every non-frivolous issue on appeal if counsel, as a matter of professional judgment, decides not to do so.  *Knowles v. Mirzayance*, 556 U.S. 111, 126–27 (2009).

To prevail on a claim for ineffective assistance of appellate counsel, a defendant must show that "(1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance, he would have prevailed on appeal." *Shere v. Sec'y Fla. Dep't of Corr.*, 537 F.3d 1304, 1310 (11th Cir. 2008). The deficient performance prong requires a movant to show that counsel acted unreasonably in light of prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The prejudice prong requires a movant to show a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694.

The concurrent sentences doctrine provides that, where a defendant is given concurrent sentences on several counts and the conviction on one count is found to be valid, an appellate court need not consider the validity of the convictions on the other counts. *In re Davis*, 829 F.3d 1297, 1299 (11th Cir. 2016). We have recognized our discretion to decline to review not only convictions with concurrent sentences, but also sentencing errors under the doctrine. *See United States v. Bradley*, 644 F.3d 1213, 1293-94 (11th Cir. 2011) (declining to review challenges on direct appeal to the district court's sentencing guidelines range calculations with regard to two counts, as each of those sentences was to run concurrently with a longer sentence on another count, which this Court had already upheld); *United States v. Campa*, 529 F.3d 980, 1018 (11th Cir. 2008) (holding an error in

calculating the defendant's sentence as to one count was harmless where a longer, concurrent sentence stood as to another count); *United States v. Jones*, 28 F.3d 1574, 1582 (11th Cir. 1994), *vacated*, 516 U.S. 1022 (1995), *opinion reinstated in part*, 74 F.3d 275 (11th Cir. 1996) (exercising our discretion not to apply the concurrent sentences doctrine). The doctrine is not a jurisdictional bar to consideration of challenges to multiple convictions, but merely a rule of judicial convenience where its use is appropriate. *Benton v. Maryland*, 395 U.S. 784, 787–91 (1969). The doctrine does not apply where the defendant would suffer "adverse collateral consequences from the unreviewed conviction." *In re Williams*, 826 F.3d 1351, 1356 (11th Cir. 2016) (quotations omitted).

Padgett has failed to show the district court plainly erred by denying his § 2255 motion. *See United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006) (explaining the plain error standard requires the defendant to show (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings). Padgett's argument the concurrent sentences doctrine applies only to convictions, and not to sentences, is defeated by the prior panel precedent rule, as this Court has explicitly noted its discretion to apply the doctrine to sentencing errors and has applied the doctrine to sentencing errors. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (stating under the prior panel precedent rule, "a prior panel's

holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by [us] sitting *en banc*"); *Bradley*, 644 F.3d at 1293-94; *Campa*, 529 F.3d at 1018;  *Jones*, 28 F.3d at 1582.

Next, the district court did not commit plain error in determining Padgett was not prejudiced by his counsel's failure to challenge his illegal sentence on direct appeal.   Padgett has not pointed to any case involving two interdependent, concurrent sentences where this Court or the Supreme Court has held on collateral review the concurrent sentences doctrine cannot be invoked to show a defendant was not prejudiced by his counsel's failure to challenge an illegal sentence on one count. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (stating an error is not plain unless the explicit language of a statute or rule specifically resolves the issue, or there is precedent from this court or the Supreme Court directly resolving it).  Also, because the concurrent sentences doctrine is discretionary, no precedent from this Court directly indicates whether or not the appeals court would have applied the concurrent sentences doctrine to deny him relief on appeal. *See id; United States v. Sosa*, 782 F.3d 630, 637 (11th Cir. 2015) (stating for an error to be plain, it must be clear or obvious, rather than subject to reasonable dispute).  Therefore, the district court's conclusion Padgett was not

9

prejudiced by his appellate counsel's failure to appeal his sentence on Count 2 was not plain error.

**AFFIRMED.**