ROGERS, J., delivered the opinion of the court in which MOORE, J., joined in the result. MOORE, J. (pp. 807-09), delivered a separate opinion concurring in the judgment. MERRITT, J. (pp. 809-10), delivered a separate dissenting opinion. OPINION ROGERS, Circuit Judge. In this case the district court denied Brian Williams’ motion to vacate his sentence under 28 U.S.C. § 2255. Williams received an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (“ACCA”), and he petitioned for relief in light of the Supreme Court’s decision in Johnson v, United States, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) (“Johnson II”), which struck down the residual clause of the ACCA as unconstitutional. Because binding circuit precedent establishes that Williams necessarily qualified for the enhancement under the ACCA elements clause, he is not entitled to relief. On July 28, 2006, Williams pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Williams had three prior convictions—one for attempted felonious assault in violation of Ohio Revised Code §§ 2903.11 and 2923.02, one for domestic violence in violation of Ohio Revised Code § 2919.25, and one for assault on a peace officer in violation of Ohio Revised Code § 2903.13—which subjected him to a mandatory-minimum sentence of 180 months’ imprisonment under the ACCA. Williams did not take a direct appeal, but he has twice filed petitions under § 2255. Each was ultimately denied. In Johnson II the Supreme Court held the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), unconstitutional. 135 S.Ct. at 2563. In Welch v. United States, — U.S. —, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held that Johnson II had announced a new substantive rule of constitutional law that courts must apply retroactively to cases on collateral review. Id. at 1268. Based on Johnson II and Welch, Williams filed this § 2255 motion, his third, seeking to vacate his sentence, arguing that after Johnson II his three convictions no longer count as predicate offenses under the ACCA. The district court transferred this case to us on April 19 so that we could decide whether to allow Williams’ successive § 2255 petition. On October 27, 2016, a panel of this court authorized the district court to consider whether Williams’ conviction for Ohio felonious assault still qualifies as a violent felony under the ACCA. In re Brian D. Williams, No. 16-3411 (6th Cir. Oct. 27, 2016).[1] We recognized our decision in United States v. Anderson, 695 F.3d 390 (6th Cir. 2012), as a binding precedent which held that committing felonious assault in Ohio necessarily requires the use of physical force and is therefore a predicate offense under the ACCA elements clause, id. at 402, but also noted that “much has changed in the four years since we decided Anderson.” We suggested but expressly did not hold that, because a conviction for felonious assault could be based on a showing of purely mental injury, the offense might not necessarily entail the use of physical force required by the elements clause. We instructed the district court to consider whether, in light of intervening Supreme Court precedents, Anderson still controlled Williams’ case. The district court determined' that Williams’ conviction for attempted felonious assault remained a qualifying predicate offense under the elements clause. The district court reasoned that Anderson was still controlling precedent that “squarely foreclose[d] Williams’s claim.” The district court denied Williams’ motion to vacate his sentence but issued a certifícate of appealability. Williams now appeals. The district court was correct. As long as Anderson remains binding precedent, Williams is not entitled to relief. Because there is no tenable basis for this panel to overrule Anderson, the district court was correct to deny Williams’ motion. Williams bases his § 2255 motion on Johnson II, but his case is not affected by that holding. Section 2255 motions based on Johnson II are appropriate where “the sentencing court may have relied on the residual clause in imposing [the defendant’s] sentence.” In re Rogers, 825 F.3d 1335, 1338 (11th Cir. 2016) (quoting In re Adams, 825 F.3d 1283, 1286 (11th Cir. 2016)). But when binding precedent clearly establishes that a violent felony used to enhance the movant’s sentence under the ACCA qualifies as a predicate offense under a separate provision of the ACCA, like the elements clause, the holding of Johnson II is not implicated because the enhancement would survive without the residual clause. That is the case here: Anderson, a published and binding circuit precedent, unambiguously held that the Ohio felonious assault statute, Ohio Rev. Code § 2901.01(A)(5), qualifies as a violent felony under the elements clause. See 695 F.3d at 402. As long as Anderson remains binding, Williams appropriately received an enhanced sentence irrespective of the now-unconstitutional residual clause. Williams’ motion therefore rises or falls with Anderson, but his arguments to overrule that case are not persuasive. Because Anderson is a published decision, we are bound by it unless the Supreme Court or our court sitting en banc has issued a new inconsistent decision. See Hinchman v. Moore, 312 F.3d 198, 203 (6th Cir. 2002) (citing Salmi v. Sec’y of Health & Human Servs., 774 F.2d 685, 689 (6th Cir. 1985)). Nothing requires that result here. First, Williams mentions that our previous panel “questioned whether Anderson remained authoritative” when it authorized his motion, but that fact is of little import here. The prima facie showing for á second or successive § 2255 motion is minimal. See In re Embry, 831 F.3d 377, 381 (6th Cir. 2016). Williams’ arguments are not frivolous, so that panel properly permitted the district court to consider them. But that panel expressly stated that it “need not decide” the question currently before us: whether Anderson remains binding. In re Brian D. Williams, No. 16-3411, at 5 (6th Cir. Oct. 27, 2016): Second, there is no conflict between Anderson and our later decision in United States v. Perry, 703 F.3d 906 (6th Cir. 2013). Williams implies that we must overrule one or the other, but that is not so. As noted above, Anderson held that Ohio felonious assault is a violent felony under the elements clause. See 695 F.3d at 402. Perry, however, held the same crime to be a predicate offense under the residual clause. 703 F.3d at 910. Contrary to Williams’ argument, it is not correct to read into Perry an. implicit rejection of Anderson, i.e., a negative implication that felonious assault’s being a predicate offense under the residual clause precludes its being a predicate offense under the elements clause. The residual clause was broad and amorphous (indeed, unconstitutionally so) and therefore unsurprisingly covered offenses that would also have qualified under another provision of the ACCA. The passage Williams quotes from our decision in United States v. Rodriguez, 664 F.3d 1032, 1038 (6th Cir. 2011) (“The residual clause is pertinent only if: the crime in question is not enumerated under the guideline and the crime does not have as an element the use, attempted use, or threatened use of force.”), does not establish a rule to the contrary. The above-quoted language in Rodriguez merely describes why one of our prior unpublished opinions had no need to “resort also to the residual clause to decide- the case.” Id, Because Perry says nothing about whether Ohio felonious assault qualifies as a violent felony under the elements clause, it does not undermine Anderson. Third and finally, neither Descamps v. United States, 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), nor Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), is relevant here because neither case has anything to do with the significant part of our holding in Anderson. Descamps holds that the modified categorical approach is only appropriate for divisible statutes, 133 S.Ct. at 2283-84, and Mathis instructs courts how to determine divisibility, 136 S.Ct, at 2248-49, 2256. But whether or not Ohio’s felonious assault statute is divisible makes no difference to Williams’ case because, under Anderson, it was impossible for him to have violated the statute in a nonviolent way. In other words, regardless of the statute’s divisibility (which is the only thing that Descamps and Mathis can influence), Williams’ claim would still necessarily require this panel to overrule Anderson, which held that both parts of the statute require the use of physical force and are therefore violent felonies under the ACCA elements clause. See 695 F.3d at 400. The Anderson court said, “[the statute] requires proof of serious physical harm or physical harm ... by means of a deadly weapon or dangerous ordnance, [which] necessarily requires proof that the defendant used force capable of causing physical pain or injury.” Id. (internal quotations omitted). None of the intervening cases pointed to by Williams provides any reason to question Anderson’s holding. At bottom, Williams’ arguments against Anderson are nothing more than disagreement with that case on'its own terms. None of Williams’ arguments permits this panel to overrule Anderson. For that reason, the holding of Johnson II is not implicated in this case because Williams’ sentence under the ACCA was appropriate apart from its now-unconstitutional residual clause. We affirm the judgment of the district court. . The panel held that Williams’ convictions for domestic violence and assault on a peace officer "fall squarely under the elements clause,” 18 U.S.C. § 924(e)(2)(B)(i), so those convictions are not before us.