PER CURIAM.
*923 After pleading guilty to a felon in possession of a firearm charge, Brian Williams was sentenced as a career offender under the Armed Career Criminal Act ("ACCA") because of three previous qualifying convictions. See 18 U.S.C. § 924(e). Relevant here, Williams had been convicted previously of attempted felonious assault in violation of Ohio Revised Code §§ 2903.11 and 2923.02. After the Supreme Court invalidated the ACCA's residual clause in Johnson v. United States , --- U.S. ----, 135 S. Ct. 2551, 2563, 192 L.Ed.2d 569 (2015), Williams filed a successive § 2255 petition, arguing that his three convictions could no longer be considered predicate offenses under the ACCA. A panel of this court authorized the district court to consider whether Williams's conviction for attempted felonious assault qualified as a violent felony predicate under the ACCA, and if not, whether Williams is entitled to relief under Johnson . In re Brian D. Williams , No. 16-3411 (6th Cir. Oct. 27, 2016).
The district court held that Williams's felonious assault conviction was a predicate offense, concluding that it was bound by United States v. Anderson , 695 F.3d 390, 399-402 (6th Cir. 2012), which held that Ohio felonious assault is a violent felony under the ACCA's elements clause. Williams v. United States , Nos. 1:16 CV 520, 1:06 CR 244-1, 2017 WL 7792603, at *7 (N.D. Ohio Feb. 28, 2017). A panel of this court affirmed, agreeing that Anderson controlled the outcome of Williams's case. Williams v. United States , 875 F.3d 803, 805 (6th Cir. 2017). We granted rehearing en banc in this matter, but subsequently, the en banc court overruled Anderson and held that a conviction for Ohio felonious assault no longer categorically qualifies as a violent felony predicate under the ACCA's elements clause. See United States v. Burris , 912 F.3d 386, 406 (6th Cir. 2019). In light of the fact that Anderson has been overruled, we remand this case to the original panel to be decided consistent with this order.
CONCURRENCE
ROGERS, Circuit Judge, concurring in the remand.
Sitting en banc, we may hold today that Ohio felonious assault under *924 Ohio Revised Code § 2903.11(A)(1) is not a qualifying conviction under the Armed Career Criminal Act, notwithstanding the earlier contrary holding by a panel of our court in United States v. Anderson , 695 F.3d 390, 399-402 (6th Cir. 2012). In doing so, we may certainly rely on the intervening legal reasoning of the plurality in United States v. Burris , 912 F.3d 386, 396-402 (6th Cir. 2019), even though that part of the Burris opinion's analysis was not necessary to the decision to affirm in Burris , and was joined by only six of the eleven judges in the Burris majority.
Strictly speaking, however, we are on wobbly grounds as a matter of stare decisis law to reason instead that the en banc court in Burris has already "overruled Anderson and held" that Ohio felonious assault does not categorically qualify as an ACCA predicate offense. It is not entirely clear that Burris overruled Anderson . The treatment of Anderson in Burris was not necessary to the majority's decision to uphold Burris's sentence, as we did, on the ground that Ohio Revised Code § 2903.11(A)(2) qualifies as an ACCA predicate. See Burris , 912 F.3d at 410 (Rogers, J., concurring in part and in the judgment); id. at 410-11 (Kethledge, J., concurring in the judgment).
To be sure, the seven judges in Burris who did not vote to affirm agreed explicitly with the lead opinion's determination that Anderson was wrongly decided. 912 F.3d at 411-12 (Cole, C.J., concurring in part and dissenting in part). It could be argued that a plurality of judges voting to affirm, plus seven dissenting judges who agree with the plurality on one point, constitute a majority to create a binding precedent on that point of agreement. Such a theory of vote counting could be criticized as overly rigidifying stare decisis analysis in ways that may have untoward and unforeseeable consequences. But even setting those criticisms aside, the point of agreement in Burris (about Anderson ) was dictum-and dictum is dictum no matter how many votes it gets.
Fortunately, we do not have to resolve these puzzling stare decisis questions. As an en banc court-with the question of whether Ohio Revised Code § 2903.11(A)(1) is an ACCA predicate now fairly before us-we may simply hold that Anderson was not correct. Because this case, unlike Burris , turns on whether Anderson is good law, what was dictum in Burris will here be holding. Unlike in Burris , the Shepard documents here do not make sufficiently clear whether Williams was convicted under Ohio Revised Code § 2903.11(A)(1) or § 2903.11(A)(2). So Williams qualifies as an armed career criminal only if both of those subsections satisfy the ACCA's elements clause. Burris holds that § 2903.11(A)(2) does satisfy the ACCA. 912 F.3d at 405-06. Anderson held that § 2903.11(A)(1) does also. 695 F.3d at 399-402. Rejecting Anderson is necessary to our decision today.
Taking today's decision as one to reject the Anderson holding for the reasons given by the lead opinion in Burris , 912 F.3d at 396-402, rather than as one deciding that the Burris opinions bind us to reach that conclusion, I concur.