NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0324n.06

No. 18-3791

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 25, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| PHILIP SMITH, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BATCHELDER, GRIFFIN, and DONALD, Circuit Judges.

PER CURIAM. Philip Smith challenges the procedural and substantive reasonableness of his 77-month sentence. As set forth below, we **AFFIRM** Smith's sentence.

Smith pleaded guilty to possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). Smith's presentence report set forth a base offense level of 24 on the basis that he had two prior felony convictions for a crime of violence—his 2004 and 2010 Ohio convictions for felonious assault. *See* USSG § 2K2.1(a)(2). Smith received a 3-level reduction for acceptance of responsibility. *See* USSG § 3E1.1. Smith's total offense level of 21 and criminal history category of VI corresponded to a guidelines range of 77 to 96 months of imprisonment.

Smith objected to the presentence report's guidelines calculation, asserting that his 2010 felonious-assault conviction, a violation of Ohio Revised Code § 2903.11(A)(1), should not count as a crime of violence. Smith pointed out that this court had granted en banc review of this issue in two cases. *See Williams v. United States*, 875 F.3d 803 (6th Cir. 2017), *vacated and reh'g en*

*banc granted*, 882 F.3d 1169 (6th Cir. 2018); *United States v. Burris*, No. 16-3855, 2017 WL 6368852 (6th Cir. Dec. 13, 2017), *vacated and reh'g en banc granted* (6th Cir. Feb. 26, 2018) (order). Smith did not object to his 2004 felonious-assault conviction counting as a crime of violence. In his written objection to the presentence report, Smith argued his base offense level should be 20, the base offense level for a defendant with one prior conviction for a crime of violence, *see* USSG § 2K2.1(a)(4)(A), resulting in a total offense level of 17 and a guideline range of 51 to 63 months of imprisonment.

At sentencing, the district court acknowledged Smith's argument that this court had granted en banc review as to whether felonious assault under Ohio law constitutes a crime of violence, but stated that it was required to follow this court's most recent panel decision in *United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012). The district court noted that, if *Anderson* remained "good law" and Ohio felonious assault constitutes a crime of violence, then Smith's guidelines range would be 77 to 96 months of imprisonment. If the en banc court overruled *Anderson*, the district court stated, then Smith's guidelines range would be 51 to 63 months of imprisonment. Both parties agreed with the district court's analysis. In considering the sentencing factors under 18 U.S.C. § 3553(a), the district court pointed out that Smith's prior sentences of five years and six years had not deterred him from committing another offense and stated, "I've got to give you a longer sentence than you've served before to both punish and deter you." The district court determined that the appropriate sentence was 77 months of imprisonment, "independent of either Guideline range." The district court concluded, "I've got to give you a sentence of more than 72 months as a proper punishment and deterrence. So I come out with 77 months' custody of the Attorney General, regardless of the advisory range." Smith timely appealed his sentence.

In the meantime, this court held in *United States v. Burris*, 912 F.3d 386 (6th Cir. 2019) (en banc), that Ohio's felonious-assault statute is too broad to qualify categorically as a crime of

violence, overruling *Anderson*, but that the statute sets forth multiple separate crimes and is therefore divisible. 912 F.3d at 399, 405. A felonious-assault conviction under Ohio Revised Code § 2903.11(A)(1) does not qualify as a crime of violence because a defendant could violate that subsection by causing mental, as opposed to physical, harm to another. 912 F.3d at 397-99. A felonious assault conviction under Ohio Revised Code § 2903.11(A)(2), which involves the use of a deadly weapon or dangerous ordnance, does qualify as a crime of violence. 912 F.3d at 405-06.

On appeal, Smith argues that his sentence is (1) procedurally unreasonable because the district court incorrectly calculated his guidelines range and (2) substantively unreasonable because his 77-month sentence represents an exceptional variance from the properly calculated guidelines range. We review Smith's sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010).

In reviewing for procedural reasonableness, we must ensure that the district court correctly calculated the applicable guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). For the first time on appeal, Smith contends that his 2004 and 2010 convictions for felonious assault were both violations of Ohio Revised Code § 2903.11(A)(1) and that neither constitutes a crime of violence based on *Burris*. With no prior conviction for a crime of violence, Smith now argues his base offense level should be 14, *see* USSG § 2K2.1(a)(6), and his guidelines range should be 30 to 37 months of imprisonment. But Smith asserted in his objections to the presentence report that his guidelines range should be 51 to 63 months of imprisonment and at sentencing agreed with the district court that, if this court were to overrule *Anderson*, his applicable guidelines range would be 51 to 63 months of imprisonment. Because Smith explicitly agreed with the district court's alternative guidelines range of 51 to 63 months of imprisonment, which was based on his 2004

felonious-assault conviction qualifying as a crime of violence, he has waived any claim that the district court erred in making that alternative calculation. *See United States v. Mabee*, 765 F.3d 666, 671 (6th Cir. 2014) ("[W]here the defendant has 'explicitly agreed' that a particular guideline calculation or enhancement applies to his sentence, any challenge to that enhancement on appeal is waived.").

Even without that waiver, Smith's challenge to the district court's alternative guidelines calculation would fail because he had a prior conviction for a crime of violence aside from his felonious-assault convictions. Smith's 2004 conviction included one count of felonious assault and one count of aggravated robbery with firearm specifications. Both counts of the 2004 conviction were included in the presentence report, but the report only referenced the felonious-assault count as qualifying as a crime of violence. The government has filed an unopposed motion to take judicial notice of state court documents from Smith's prior criminal cases. *See* Fed. R. App. P. 10(e)(3). Federal Rule of Evidence 201 allows a court to take judicial notice, at any stage of the proceeding, of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see* Fed. R. Evid. 201(d). The indictment from Smith's prior criminal case satisfies this standard. *See United States v. Ferguson*, 681 F.3d 826, 833-35 (6th Cir. 2012). The indictment charged Smith with aggravated robbery, in violation of Ohio Revised Code § 2911.01, for having "a dangerous ordnance, to-wit: firearm . . . on or about his person or under his control" while attempting or committing a theft offense. This court has held that aggravated robbery with a deadly weapon under Ohio law qualifies as a crime of violence. *United States v. Patterson*, 853 F.3d 298, 305 (6th Cir. 2017). Because Smith's 2004 aggravated robbery conviction qualifies as a crime of

violence, the district court's alternative guidelines calculation of 51 to 63 months of imprisonment was correct independent of his felonious-assault convictions.[1]

"The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). In reviewing for substantive reasonableness, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. But we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id*. Smith argues that his 77-month sentence was more than double the high end of the applicable guidelines range. For the reasons discussed above, Smith's applicable guidelines range was 51 to 63 months of imprisonment and not, as he now claims, 30 to 37 months of imprisonment. The district court pointed out that Smith's prior sentences of five years and six years had not deterred him from committing another offense and determined that a sentence longer than he had served before was necessary to meet § 3553(a)'s goals of punishment and deterrence. The district court concluded that a 77-month sentence, representing "a slight upward variance" from the 51-to-63-month range, was appropriate. Considering the totality of the circumstances and giving due deference to the district court's sentencing decision, we find no abuse of discretion.

For these reasons, we **GRANT** the government's motion to take judicial notice and **AFFIRM** Smith's sentence.

---

[1] Furthermore, any error in the district court's guidelines calculation would have been harmless. "A sentencing error is harmless if we are certain that the error did not affect the district court's selection of the sentence imposed." *United States v. McCarty*, 628 F.3d 284, 294 (6th Cir. 2010) (quoting *United States v. Jeross*, 521 F.3d 562, 569 (6th Cir. 2008)). Even if the district court erred in calculating Smith's guideline's range, it did not affect his sentence because the district court determined that Smith's sentence needed "to be a little longer than six years" and concluded that a 77-month sentence was appropriate, "regardless of the advisory range."