[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 19-14830

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WINFRED LORENZO HUNT,
a.k.a. Fatboy,
a.k.a. Big Dred,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:06-cr-80070-DMM-1

_____

Before JORDAN, JILL PRYOR, and MARCUS, Circuit Judges.

PER CURIAM:

A jury found Winfred Lorenzo Hunt guilty of multiple crack cocaine and powder cocaine offenses.  In 2007, the district court imposed imprisonment sentences of life or 360 months for each of the narcotics convictions.   When Mr. Hunt moved for a sentence reduction in 2019 under the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222, the district court denied the motion without reaching the merits.  The court concluded that it "lack[ed] jurisdiction" to modify Mr. Hunt's two life sentences for powder cocaine offenses because they were not "covered offenses" under the Act and, therefore, any reduction on the crack cocaine offenses would be "moot."  D.E. 1310 at 1–2.  Because Mr. Hunt's motion was not moot, we vacate and remand for further proceedings.

I

In 2006, Mr. Hunt and several co-defendants were indicted for their roles in the possession and distribution of crack cocaine and powder cocaine.  Of the 36 charges against Mr. Hunt, all but seven involved crack cocaine and two of those seven were dismissed at trial.  Counts 30–34, for example, charged Mr. Hunt and others with conspiracy to possess powder cocaine or possession of powder cocaine with the intent to distribute.

Prior to trial, the government filed an information under 21 U.S.C. § 851.  The information notified Mr. Hunt that, because of two prior narcotics convictions, he "face[d] a statutory mandatory minimum penalty of life" as to Counts 1 and 24 and "a mandatory minimum penalty of 10 years and a statutory maximum penalty of life" as to Counts 25–34.  *See* D.E. 715 at 2.  A jury convicted Mr. Hunt of all remaining charges against him except for Count 5.

The presentence investigation report indicated that Mr. Hunt faced a mandatory minimum sentence of life imprisonment on Counts 1, 24, and 34—not just Counts 1 and 24 as indicated in the government's § 851 notice—and his advisory guidelines range regardless of those mandatory minimum sentences was 360 months to life imprisonment.  Mr. Hunt did not object to these calculations.

In 2007, the district court sentenced Mr. Hunt to life imprisonment on Counts 1, 4, 6, 9, 12, 14–16, 18–20, 22–30, and 34, and to 360 months imprisonment on the remaining counts.  The court ordered that these sentences run concurrently.  With the exception of Counts 30 and 34, all of the counts for which Mr. Hunt received a life sentence involved crack cocaine.

## II

The Fair Sentencing Act of 2010—made retroactive by the First Step Act—"reduce[s] the sentencing disparity between drug-trafficking crimes involving crack cocaine and those involving powder cocaine" by increasing the quantities of crack cocaine

required to trigger certain mandatory minimum sentences. *See United States v. Taylor*, 982 F.3d 1295, 1298 (11th Cir. 2020). As relevant here, § 404(b) of the First Step Act permits a district "court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." First Step Act, § 404(a).

In 2019, Mr. Hunt filed a motion for a sentence reduction under the First Step Act. Through appointed counsel, he argued that the district court should reduce his overall sentence under the sentence package doctrine, which provides that courts can resentence all intertwined counts when part of that sentence is unraveled, such that the entire sentence package should be recalculated. *See, e.g., United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014) ("The thinking is that when a conviction on one or more of the component counts is vacated for good, the district court should be free to reconstruct the sentencing package (even if there is only one sentence left in the package) to ensure that the overall sentence remains consistent with the guidelines, the § 3553(a) factors, and the court's view concerning the proper sentence in light of all the circumstances."). He also argued that the court should reduce his other sentences regardless of his unmodified mandatory life sentence on Count 34—the powder cocaine offense affected by the §

19-14830                Opinion of the Court                5

851 notice—because "[n]o one can predict the future, and [he] may one day benefit from a future change in the law to reduce non-violent, life drug offenses." D.E. 1308 at 27–28.

Because the district court determined that Counts 30 and 34—the two powder cocaine counts for which Mr. Hunt received a life sentence—were not covered offenses under the First Step Act, it concluded that it "lack[ed] jurisdiction to reduce Mr. Hunt's sentence as to those counts," meaning his "life sentence remains unchanged." D.E. 1310 at 1. As for Mr. Hunt's sentences on the other crack cocaine counts, the court reasoned that "[s]ince any reduction as to those counts would not affect Mr. Hunt's present sentence, [it saw] no reason to determine whether the remaining counts should be reduced and [it denied] the request as to those counts as moot without reaching the merits." *Id.* at 1–2. This appeal followed.

### III

Exercising de novo review, *see United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (citing *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007)), we hold that Mr. Hunt's motion for a sentence reduction was not moot. We leave additional questions for the district court's consideration on remand.

### A

The district court denied Mr. Hunt's motion "as moot without reaching the merits." D.E. 1310 at 2. We take the district court

at its word that its ruling was based on mootness grounds, and not—as the government urges—futility grounds. In our view, the district court erred because it has the authority to reduce Mr. Hunt's sentences for his crack cocaine offenses, and a reduction of those sentences would constitute meaningful relief.

A dispute is moot—and ceases to be a case or controversy over which federal courts may exercise jurisdiction—"when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). *See also Al-Arian*, 514 F.3d at 1189 (same). Here, there is no dispute that Mr. Hunt is currently serving multiple life sentences for crack cocaine offenses which are eligible for reduction under the First Step Act. As we explained in *Taylor,* eligibility for First Step Act relief is "condition[ed] . . . on the movant's offense, rather than on . . . the applicable sentencing range." 982 F.3d at 1300. What Mr. Hunt's new sentence could or should be, given his sentences for other convictions, is not relevant for First Step Act eligibility purposes.

A term of "incarceration . . . constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction" or, as here, by the imposition of a reduced sentence. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The existence of other concurrent terms of incarceration does not change that. As the Supreme Court has explained, "the existence of concurrent sentences does not remove the elements necessary to create a justiciable case or controversy" when the plaintiff challenges one of those

19-14830                Opinion of the Court                7

convictions or sentences. *See Benton v. Maryland*, 395 U.S. 784, 790 (1969). This is because "most criminal convictions . . . entail adverse collateral legal consequences," such as to enhance a later sentence or to impeach one's character in a trial. *See Sibron v. New York*, 392 U.S. 40, 55 (1968). The "mere 'possibility'" of such consequences is enough to make out a case or controversy. *Id. See also Benton*, 395 U.S. at 790–91; *Chafin v. Chafin*, 568 U.S. 165, 175 (2013) ("Enforcement of the order may be uncertain . . . but such uncertainty does not typically render cases moot. Courts often adjudicate disputes where the practical impact of any decision is not assured."); *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1661 (2019) (finding suit for money damages against an insolvent defendant is not moot, noting that "courts often adjudicate disputes whose practical impact is unsure at best") (internal citations and punctuation omitted).

Mr. Hunt only gets one chance to reduce his crack cocaine convictions under the First Step Act. "'[A] defendant can file only one motion for resentencing" under the Act, and a second motion is barred "if the first was denied after a complete review . . . on the merits." *United States v. Denson*, 963 F.3d 1080, 1087 (11th Cir. 2020) (internal quotation marks and citation omitted, and emphasis removed), *abrogated in part by Concepcion v. United States*, No. 20-1650, 2022 WL 2295029 at *6 & n.2, *12 (U.S. June 27, 2022). A remand is necessary to give the district court the opportunity to reach the merits of Mr. Hunt's motion as to his crack cocaine offenses, which may be necessary to reduce his overall time in prison

if he is to "one day benefit from a future change in the law" as to his powder cocaine offenses.  *See* D.E. 1308 at 27–28.

We acknowledge—without voicing any views on the matter—the possibility that a district court could decline to pass on the merits of a motion for First Step Act relief in a case like this one under the concurrent sentence doctrine.  Under the doctrine, a court need not rule on the validity of one conviction or the propriety of one sentence if it determines that such a correction would have no "collateral consequences."  *Benton*, 395 U.S. at 790.  The Supreme Court made clear in *Benton* that the concurrent sentence doctrine is not jurisdictional, but it noted that it "may have some continuing validity as a rule of judicial convenience."  395 U.S. at 791.  *See also In re Davis*, 829 F.3d 1297, 1299 (11th Cir. 2016) (noting that this is the doctrine's "only" continuing validity).  Indeed, the Supreme Court and our court occasionally invoke the concurrent sentence doctrine as such a tool.  *See, e.g., Barnes v. United States*, 412 U.S. 837, 848 (1973) ("Although affirmance of petitioner's conviction on two of the six counts carrying identical concurrent sentences does not moot the issues he raises pertaining to the remaining counts, . . . we decline as a discretionary matter to reach these issues."); *United States v. Bradley*, 644 F.3d 1213, 1294 (11th Cir. 2011) (declining to address challenges to two counts where the defendant's term of imprisonment and fines would not change, so the defendant "would suffer no adverse collateral consequences from our refusal to review").  *But see In re Davis*, 829 F.3d at 1299–1300 (declining to apply the concurrent sentence

doctrine where the court's sentencing decision on one sentence was "no doubt informed by" the challenged one).

Perhaps we could read the district court's characterization of Mr. Hunt's motion as "moot" as an application of the concurrent sentence doctrine, but that would be improper for a number of reasons. First, the district court never invoked the doctrine and the government does not raise it as a basis for affirmance on appeal. Second, and more importantly, when it is unclear from the record whether the district court understood its authority to grant a sentence reduction under the First Step Act we generally vacate and remand for further proceedings. *See United States v. Russell*, 994 F.3d 1230, 1239 (11th Cir. 2021) ("In this case, we must vacate and remand because the record is ambiguous as to whether the district court understood its authority to reduce Russell's sentence."). Here, the district court said that it "lack[ed] jurisdiction" over Mr. Hunt's motion for a sentence reduction. D.E. 1310 at 1. As we have explained, that is incorrect. The court's focus on its ability to reduce Mr. Hunt's overall time in prison—"which goes to . . . the legal availability of a certain kind of relief—confuses mootness with the merits." *Chafin*, 568 U.S. at 174. *See also United States v. Winters*, 986 F.3d 942, 949 (5th Cir. 2021) ("Whether the interplay of statutory minima of the modified and other, unmodified statutes relevant to the conviction actually changes the sentencing range is relevant, but only at the later merits stage.").

**B**

This leaves two additional wrinkles in Mr. Hunt's request for relief.

First, the government argues that Mr. Hunt's First Step Act motion was futile given his life sentences for two uncovered, powder cocaine offenses—Counts 30 and 34—and asks us to affirm on that basis. But whether the district court can reduce sentences for non-covered offenses when a defendant is eligible for a reduction on covered offenses is an open question.

We previously stated in *Denson* that a district court "is not free to[, among other things,] change the defendant's sentences on counts that are not 'covered offenses.'" *See* 963 F.3d at 1089. But that language was dicta unnecessary to our holding because the issue in that case was whether the district court was required to holding a hearing. *See id.* at 1082 ("The issue on appeal is whether the district court is required to first hold a hearing at which Denson was present."). The Seventh Circuit has held that there is nothing in the statute's text that "bar[red] a court from reducing a non-covered offense" once it elected to resentence the covered offenses. *United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020). *See also United States v. Chambers*, Nos. 21-1331/1378, 2022 WL 612805, at *6 (6th Cir. Mar. 2, 2022) (Clay, J., dissenting) (agreeing with the Seventh Circuit). The Tenth Circuit takes the opposite view. *See United States v. Gladney*, _ F.4th _, 2022 WL 3348631, at *8 (10th Cir. Aug. 15, 2022) ("[T]he First Step Act prohibits a district court from reducing the sentence on a non-covered offense, even if . . . the covered and non-covered offenses were grouped together

19-14830                  Opinion of the Court                  11

under the Sentencing Guidelines and the covered offense effectively controlled the sentence for the non-covered offense."). We decline to resolve this issue today.

The Supreme Court recently abrogated in part our decision in *Denson* and held that "[n]othing in the text and structure of the First Step Act expressly, or even implicitly overcomes the established tradition of district courts' sentencing discretion." *Concepcion*, 2022 WL 2295029, at *9. Should the district court exercise its discretion to reduce the sentences for Mr. Hunt's crack cocaine offenses, it should consider in the first instance whether it can reduce Mr. Hunt's other, non-covered offenses in light of the Supreme Court's recent decision in *Concepcion*.

Second, the government emphasizes that Mr. Hunt's life sentence for Count 34 was mandated by statute due to the notice filed by the government pursuant to 21 U.S.C. § 851. The parties contest the validity of that notice and the district court's authority to address it in a First Step Act proceeding. We need not resolve these disputes, as they only come into play if the court exercises its discretion to reduce the covered crack cocaine offenses in the first place.

### III

Because Mr. Hunt is eligible for a sentence reduction under the First Step Act, his motion was not moot.

**VACATED AND REMANDED.**

19-14830                Marcus, J., Concurring                1

MARCUS, Circuit Judge, concurring:

I agree with the judgment in this case, but write separately to highlight one area of disagreement with the panel's opinion. I concur in the conclusion that Winfred Hunt's motion for a sentence reduction is not moot because the district court can exercise its discretion to resentence Hunt under the First Step Act of 2018 ("FSA"). However, in my view, the FSA provides the district court with no authority to resentence Hunt for his non-covered offenses involving powder cocaine. Put differently, I do not share the majority's opinion that "whether the district court can reduce sentences for non-covered offenses when a defendant is eligible for a reduction on covered offenses is an open question." *See* Maj. Op. at 10.

A district court generally lacks the authority to modify a term of imprisonment, unless a statute expressly permits it to do so, or unless other rare exceptions -- which Hunt has not invoked -- apply. *See* 18 U.S.C. § 3582(c); Fed. R. Crim. P. *35; see also United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). Hunt has moved for a reduction in his sentence under the FSA only.

Section 404 of the FSA allows a district court to reduce a qualifying defendant's sentence for "covered" offenses -- those with "statutory penalties . . . [that] were modified by section 2 or 3 of the Fair Sentencing Act of 2010." Pub. L. No. 115-391, 132 Stat. 5194, 5222; *see also* Maj. Op. at 4. Sections 2 and 3 of the Fair Sentencing Act, in turn, authorize a reduction in sentences for offenses involving cocaine base, colloquially known as crack. Pub. L. No.

2                   Marcus, J., Concurring                  19-14830

111-220, 124 Stat. 2372, 2372; *see also Jones*, 962 F.3d at 1298. No-where does the FSA empower a sentencing court to consider re-sentencing a defendant on a separate "non-covered" offense that does not involve crack.

In *United States v. Denson*, a panel of this Court explained that a district court "is not free to . . . change the defendant's sen-tences on counts that are not 'covered offenses.'" 963 F.3d 1080, 1089 (11th Cir. 2020), *abrogated in part by Concepcion v. United States*, 142 S. Ct. 2389 (2022). I do not share the majority's opinion that this language is mere *dicta*. In *Denson*, we used the term "in-dependent holding" to describe our conclusion that, because the court lacked authority to resentence the defendant on non-covered counts under the FSA, the defendant did not establish each element of his due process claim. *Id.* at 1088–89 (citing *United States v. Brown*, 879 F.3d 1231 (11th Cir. 2018)).[1] But even if *Denson*'s pro-nouncement about resentencing a defendant on non-covered of-fenses was merely *dicta*, it is still the only logical conclusion; a dis-trict court must have statutory or rulemaking authority to resen-tence a defendant, and the FSA grants limited authority to alter a defendant's sentence *only* for covered offenses. Our reading of *Denson* comports with the Tenth Circuit's view that "the First Step Act prohibits a district court from reducing the sentence on a non-

_____

[1] "[I]n this circuit[,] additional or alternative holdings are not dicta, but instead are as binding as solitary holdings." *Bravo v. United States*, 532 F.3d 1154, 1162 (11th Cir. 2008).

covered offense," even in the event that "the covered and non-covered offenses were grouped together under the Sentencing Guidelines and the covered offense effectively controlled the sentence for the non-covered offense." *United States v. Gladney*, _ F.4th _, 2022 WL 3348631, at *8 (10th Cir. Aug. 15, 2022).

It is true that the Supreme Court's recent decision in *Concepcion v. United States* abrogated *Denson* in part. While we stated in *Denson* that the FSA does not permit plenary resentencing, the Supreme Court clarified in *Concepcion* that "[n]othing in the text and structure of the First Step Act expressly, or even implicitly, overcomes the established tradition of district courts' sentencing discretion," which is broadly defined to include "consider[ing] all relevant information" during both the sentencing and resentencing processes. 142 S. Ct. at 2398, 2401. *Concepcion*'s holding does not, however, end the analysis in this case.

The defendant in *Concepcion* was sentenced for only one crime -- the distribution of five or more grams of crack cocaine -- which was a "covered" offense under the FSA. *Id.* at 2396. Nothing in *Concepcion* can fairly be read to leave open the question of whether a district court has the power to reduce a defendant's sentence pursuant to the FSA on a non-covered count. The Supreme Court had no occasion to consider that question in *Concepcion*. The sole issue the Supreme Court decided was "whether a district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in

adjudicating a First Step Act motion." *Id. Concepcion*'s prescription that a district court may "consider intervening changes of law or fact" in resentencing a defendant under the FSA applies only to those crimes on which the district court has the power to resentence in the first place. *Id.* at 2404. That category is limited to "covered" offenses, as defined by the FSA. *See id.* at 2401. I do not see how a district court would have the power to go beyond "covered" offenses in reducing a sentence under the FSA. As the Supreme Court put it in *Concepcion*, "[a] district court cannot . . . recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act." *Id.* at 2402 n.6.

In this case, Hunt was sentenced on multiple counts involving crack, as well as multiple counts involving powder cocaine, two of which -- Counts 30 and 34 -- carried life sentences. While the district court may alter Hunt's sentences on the crack counts, the trial court lacks any authority, based on the FSA, to alter Hunt's sentences on the powder counts. I would caution the district court to adopt a less expansive view of its resentencing discretion in ruling on Hunt's motion to reduce his sentence under the FSA.